People of the State of Illinois ex rel. John Gibson and Marie Gibson, Plaintiffs-Appellees, v. Leo Peller President, District 89 School Board, et al., Defendants-Appellants.

Gen. No. 48,540.

First District, Second Division.

January 30, 1962.

Louis Ancel and Francis X. Riley, of Chicago (Chester M. Carson, of Melrose Park, of counsel), for appellants.

Kitsos & Kitsos, of Chicago (Nicholas T. Kitsos and Hermes C. Kitsos, of counsel), for appellees.

MR. JUSTICE BURKE delivered the opinion of the court:

Plaintiffs are residents and taxpayers of the area comprising School District 89 and have children who attend a school of the district. Defendants are members of the Board of Education of the district and govern and administer the schools within the district. On April 4, 1960, at a designated time and place previously consented to by the defendants for the inspection of the financial records of the Board of Education of the district for the years 1955 through 1960, the plaintiffs were refused the right to make photographic reproduction thereof. They had brought a professional photographer with them to enable them to photographically reproduce the records. In their pleadings plaintiffs allege the right to photograph the records under the common law as well as pursuant to the State Records Act, Sec 43.7, Ch 116, Ill Rev Stats 1959. The pleadings present the issue whether relators have the right to photograph the records. From the judgment that a writ of mandamus issue commanding the defendants to permit relators to examine and

reproduce by photographic means the financial records of expenditures and receipts of the Board for the years 1955 to 1960, inclusive, the defendants appeal.

Defendants insist that the State Records Act does not apply to them. They concede the right of relators to inspect the records and take copies thereof when necessary to the attainment of justice. They deny the right of relators to photograph the records for the period mentioned. We are of the opinion that the State Records Act applies to members of a Board of Education and to the public records in custody of the members and the Board. A Board of Education is an agency of the state government. Scown v. Szarnecki, 264 Ill 305, 106 NE 276; Kinnare v. City of Chicago, 171 Ill 332, 49 NE 536. As an agency of the state government the nature and status of the Board of Education is administrative. People v. Wood, 411 Ill 514, 104 NE2d 800; Board of Education of Community Consol. School Dist. 606 v. Board of Education, 11 Ill App2d 408, 137 NE2d 721. The Board of Education executes and administers the law promulgated by the Legislature. The Board of Education is an executive administrative agency of the state. Inasmuch as it is an agency of the state government and its members public officers of the state government, Sec 43.7 of the State Records Act applies to permit the relators to photograph the records of the Board of Education.

■■ The right of relators to reproduce the public records is not solely dependent upon statutory authority. There exists at common law the right to reproduce, copy and photograph public records as an incident to the common law right to inspect and use public records. Good public policy requires liberality in the right to examine public records. In 76 CJS, Records, p 133, the author states: "The right of access to, and inspection of, public records is not entirely a matter

of statute. The right exists at common law, and in the absence of a controlling statute, such right is still governed by the common law. . . . all authorities are agreed that at common law a person may inspect public records . . . or make copies or memoranda thereof." In Clay v. Ballard, 87 Va 787, 790, 13 SE 262, 263, the court said that at common law the right to inspect includes the right to copy. See also Fuller v. State, 154 Fla 368, 17 So2d 607; State ex rel. Colescott v. King, 154 Ind 621, 57 NE 535.

██ Defendants say that relators have the right to look, examine and inspect with the naked eye the public records and copy by hand these public records, but that they have no right to photograph the records. This argument cannot be sustained by logic or common knowledge. Modern photography is accurate, harmless, noiseless and time saving. It does nothing more than capture that which is seen with the naked eye. Neither defendants nor the public can be harmed by the reproduction of the records exactly as they exist. The fact that more modern methods of copying are devised should not lessen the basic right given under the common law. The State Records Act declares the public policy relating to public records in the State of Illinois. It does not abrogate the common law.

The trial judge was right in entering judgment for the relators, and the judgment is affirmed.

Judgment affirmed.

FRIEND, P. J. and BRYANT, J., concur.