THE PEOPLE *ex rel.* JAMES R. BURGESS, JR., State's Attorney, Plaintiff and Counterdefendant-Appellee, *v.* THE CITY OF URBANA *et al.*, Defendants and Counterclaimants-Appellants.—(CHARLES LEARY, Defendant-Counterclaimant.)

(No. 12870; ▮▮▮▮▮▮▮▮

Fourth District—November 20, 1975.

Jack Waaler, City Attorney, of Urbana, for appellants.

James R. Burgess, Jr., State's Attorney, of Urbana (John R. DeLaMar and Robert G. Frederick, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The single issue for decision in this case is whether the mayor of the city of Urbana or his duly authorized agent may have access to the arrest records of the police department of the city of Urbana for purposes of an investigation relating to the conduct of arresting officers. A juvenile was arrested by an officer of the Urbana police department and a complaint was lodged relating to the handling of the arrest. The defendant, as mayor of the city of Urbana, directed the city's human relations officer to investigate the conduct of the arresting officer. The mayor also directed the police personnel to cooperate with the human relations officer and to make police department records of this arrest available to him.

The county State's attorney commenced this action initially for injunctive and declaratory judgment relief contending that the State had an interest in the proceeding and that the police department records should not be made available to the mayor or his agents. The State's attorney's contention was based upon the provisions of section 2—8(3) of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, § 702—8(3)), which provides:

> "The records of law enforcement officers concerning all minors under 17 years of age must be maintained separate from the records of arrests and may not be open to public inspection or their contents disclosed to the public except by order of the court or when the institution of criminal proceedings has been permitted under Section 2—7 or such a person has been convicted of a crime and is the subject of pre-sentence investigation or proceedings on an application for probation."

The trial court found it unnecessary to grant injunctive relief but did enter a declaratory judgment to the effect that the cited statutory provision precludes the mayor or his designated agents from having access to the arrest records. This appeal is from that declaratory judgment.

The quoted statutory language precludes public inspection of the records of arrest. Other statutory provisions found in the Juvenile Court Act relate to the stated policy of making official court records relating to minors free from public inspection and proscribes distribution of those records to other stated agencies.

The mayor of the city of Urbana, under the ordinances of that city, is the chief law enforcement officer of the city. Under the provisions of the

Municipal Code (Ill. Rev. Stat. 1973, ch. 24, § 3—11—3), he is specifically authorized to examine the books, records and papers of any agency, employee or officer of the city. We see no conflict in these statutory provisions and hold for purposes of section 2—8(3) of the Juvenile Court Act that the mayor is not precluded from examining the records of arrest under the language that prohibits public inspection.

At common law, public records were generally open to public inspection and it has been stated that good public policy requires liberality to determine the right to examine public records. (*People ex rel. Gibson v. Peller,* 34 Ill.App.2d 372, 181 N.E.2d 376.) The Juvenile Court Act clearly expresses a policy limiting the right to inspect or use public records insofar as the same relates to juveniles. While such policy is to be given effect, it does not follow that the chief law enforcement officer of a city or his duly authorized agents are precluded from looking at records at one of the city's agencies in connection with the performance of official duties. Such a construction is, in our judgment, neither necessary nor desirable and would not effectuate the stated legislative policy.

In the case of *People v. Norwood,* 5 Ill.App.3d 130, 283 N.E.2d 256, *rev'd,* 54 Ill.2d 253, 296 N.E.2d 852, as cited in a memorandum prepared by the trial court and as relied upon by the State's attorney in this court, the essential question was whether counsel for a juvenile should have access to court records of another juvenile in order to prepare for a sentencing hearing or for cross-examination. The supreme court held that such records were available to counsel. It appears that in the context of that case, such availability would be pursuant to a court order.

The declaratory judgment entered by the circuit court was in error in precluding access to the arrest records by the mayor or his duly authorized agent and that judgment is reversed.

Judgment reversed.

SIMKINS, P. J., and TRAPP, J., concur.