ROB WARDEN, Plaintiff-Appellee, *v.* JANE BYRNE, Mayor of the City of Chicago, Defendant-Appellant.

First District (5th Division)    No. 80-1839

Opinion filed December 4, 1981.

502

Stanley Garber, Corporation Counsel, of Chicago (Robert R. Retke and Jerome A. Siegan, Assistant Corporation Counsel, of counsel), for appellant.

Merle L. Royce and Lois J. Lipton, both of Chapman and Royce, Ltd., of Chicago (Roger Baldwin Foundation of ACLU, Inc., of counsel), for appellee.

JUSTICE WILSON delivered the opinion of the court:

This appeal is taken from a judgment of the trial court ordering defendant to file reports of independent consultants pursuant to the Municipal Reference Librarian Ordinance, section 23.7 of the Municipal Code of Chicago. On appeal, defendant essentially asserts that she was a private citizen at the time the transition team reports were commissioned

and they are, therefore, not subject to disclosure under this ordinance. The pertinent facts follow.

On June 28, 1979, plaintiff Rob Warden filed a petition for writ of *mandamus* against Jane Byrne, Mayor of Chicago. The petition, supported by affidavit and exhibits, allege that defendant had received reports prepared by individuals known as the transition team and chaired by Louis Masotti, Director of Urban Affairs at Northwestern University. The transition team was formed by defendant shortly after her election and thereafter compiled six volumes of reports and recommendations on the urban conditions of Chicago and the administration of city government.[1] These reports were submitted to defendant on April 26, 1979, after she assumed office. Defendant's reply to requests for copies of these reports indicated that they were campaign documents and not subject to disclosure under this ordinance. However, a copy of a newspaper interview with Masotti, submitted as a supporting document, stated that the confidentiality of these reports was never discussed between him and defendant and that some team members approached this project with the understanding that their program recommendations would be publicly implemented.

Warden asserts that he has an interest in the transition papers as a citizen, resident and taxpayer of the city of Chicago, and as editor of the Chicago Lawyer. Further, that defendant was required to submit these reports pursuant to the Municipal Reference Librarian Ordinance and that she has not done so.

Defendant filed a motion to strike and dismiss Warden's petition alleging that Warden lacked standing, the petition failed to state a cause of action and that as a matter of law the reports were not within the purview of the ordinance and that disclosure of such would constitute an invasion of privacy. This motion was denied with the trial court finding that the disclosure of the report was a fact question. Application to take an interlocutory appeal was denied, whereupon defendant elected to stand on her motion to dismiss. Judgment was entered in favor of Warden on his petition, but enforcement was stayed pending this appeal.

OPINION

The issue before us on review is whether the transition team reports, commissioned after defendant's election but before she officially as-

---

[1] Topics of these six volumes include:
    (a) jobs and the economy
    (b) neighborhood revitalization
    (c) department agency evaluations
    (d) new program suggestions
    (e) background documents
    (f) miscellaneous, *i.e.*, health issues, budget and fiscal priorities

sumed office, and submitted after she did assume the office of mayor, are subject to disclosure under chapter 23, section 7 of the Municipal Code. Defendant has contended that these reports were the private undertaking of a group of citizens.

Pertinent provisions of the ordinance in question state that:

"The Municipal Reference Librarian shall perform the following duties:

\* \* \*

Collect from the Mayor and the head of each Department, Commission or Agency of the City three copies of each report, document, study or publication prepared by independent consultants, or other independent contractors. It shall be the duty of the Mayor and the head of each Department, Commission or Agency of the City to transmit three copies of each report, document, study or publication, within five days after receipt thereof, to the Municipal Reference Library. It shall be the duty of the Municipal Reference Librarian to transmit a copy of each report, document, study or publication prepared by an independent consultant or other independent contractors to the Chairman of the Committee on Finance. However, any report, document, study or publication of the following types shall not be transmitted to or collected by the Municipal Reference Library:

(1) Reports or memoranda of attorneys or investigators in preparation for or contemplation of litigation;

(2) Reports relating to land acquisition by the City including but not limited to appraisals, title opinions, engineering reports and planning studies concerning the specific location of public improvements;

(3) Reports relating to current or contemplated investigatory or operating procedures of the Police Department or Fire Department;

(4) Reports or materials relating to a specific test or tests for use of the Department of Personnel in recruitment or promotional examinations;

(5) Reports to the Mayor relating to specific individuals who are or may be under consideration for recruitment or promotion for employment by the City;

(6) Reports which include information required by law to be held in confidence."

■■■ Rules of construction provide that words used in a statute are to be given their plain meaning. (*Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. 2d 69, 199 N.E.2d 769.) In construing a statute, courts should examine

the statutory language and its context, as well as the statutory purpose. *Lopez v. Fitzgerald* (1979), 76 Ill. 2d 107, 390 N.E.2d 835.

The plain language of this ordinance requires the defendant to transmit copies of each report, document, study or publication prepared by independent consultants or contractors to the municipal reference librarian within five days from receipt thereof. It is evident that materials *received* by defendant and relating to city administration are subject to disclosure with the exception of the enumerated exclusions.

Further, the ordinance has no exclusion language applicable to a mayor-elect commissioning any studies, reports or documents relating to city administration or policy, nor does it exclude such reports, documents or studies submitted by private citizens and prepared without public compensation. Good public policy requires liberality in the right of access to and inspection of public records. *In re Application of National Broadcasting Co.* (2d Cir. 1980), 635 F.2d 945; *People ex rel. Gibson v. Peller* (1962), 34 Ill. App. 2d 372, 181 N.E.2d 376.

Defendant has already conceded in her reply brief that had these transition papers been commissioned by her when she was mayor, they would be subject to the disclosure provisions. However, since she was mayor-elect at the time of their commission, it is contended that they are not subject to the disclosure ordinance. We believe that under the facts of this case, this distinction is meaningless. See *Cassidy v. American Broadcasting Companies, Inc.* (1978), 60 Ill. App. 3d 831, 377 N.E.2d 126, where the plaintiff asserted that he had a right to privacy as against the gathering of news concerning the discharge of his public duties as a police officer investigating massage parlors. We held that he was not a private citizen engaged in conduct which pertained only to himself, but a public official performing a public service and discharging a public duty. Likewise, defendant here falls within the public official classification. She commissioned these reports not as a private or personal undertaking, but as a means of assisting her in the discharge of her public duties. These reports were submitted to her after she assumed her official office and they deal with public policy affairs of city administration. She has not advanced one of the exclusions under the ordinance, nor are any here made applicable, and thus the papers are subject to disclosure. We will not assume that the city council engaged in a meaningless act (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 415 N.E.2d 1034), which would be the implication if we adopt the position defendant urges us to take.

Defendant's reliance on *Lopez v. Fitzgerald* is misplaced. *Lopez* involved investigation reports of alleged building violations by a municipal building department without notice to the building owner and without an opportunity for him to respond. Our supreme court determined that considerations of privacy and due process militated against

public access to initial investigation reports. We do not have these same considerations present in the pending case.

■■■ Having elected to stand on her motion to dismiss, defendant admits all facts pleaded by plaintiff Warden and reasonable inferences therefrom. (*Koskela v. Martin* (1980), 91 Ill. App. 3d 568, 414 N.E.2d 1148.) These facts and inferences demonstrate that the transition reports are within the purview of the ordinance.

Defendant next asserts that plantiff failed to state a cause of action because he did not allege a specific duty owed to him by defendant and failed to join the municipal reference librarian.

■■ A person seeking *mandamus* must only have an "interest" in the subject matter of the petition (*Solomon v. City of Evanston* (1975), 29 Ill. App. 3d 782, 331 N.E.2d 380; *People ex rel. Peace v. Taylor* (1930), 342 Ill. 88, 174 N.E. 59). There must be a "logical nexus" between petitioner's status and the relief sought, and he must show that he has a clear and undoubted right to the issuance of the writ. *Solomon v. City of Evanston.*

■■ In the pending case, the ordinance requires defendant to submit copies of reports, documents or studies to the Librarian, such information then being available for public information and disclosure. Plaintiff Warden, as a citizen and taxpayer and as a journalist, representing the public interest with a responsibility to summarize and dispense information to the public, has a sufficient interest and has shown a clear and undoubted right to the issuance of this writ. This is not an instance of idle curiosity (see *Illinois Norml, Inc. v. Scott* (1978), 66 Ill. App. 3d 633, 638, 383 N.E.2d 1330 (the right to privacy protects unreasonable intrusions)), and the ordinance specifies a clear duty on the part of the defendant to submit such material to the librarian.

Defendant's assertion that the municipal librarian was a necessary party and failure to join this party defects plaintiff's petition must also fail.

■■ Initially, we note that this claim was not raised in the proceedings below, thus this issue is waived on review. (*Snow v. Dixon* (1977), 66 Ill. 2d 443, 362 N.E.2d 1052; *Webb v. Rock* (1980), 80 Ill. App. 3d 891, 400 N.E.2d 959.) In any event, failure to name the municipal reference librarian was not fatal to the court's jurisdiction. The librarian's function to "collect" public documents is only activated after she had knowledge, which first requires the mayor or other city officials to transmit documents covered by the ordinance. The duty is initially on the mayor and heads of departments to submit public documents not exempted by the ordinance. This is separate and distinct from the librarian's duty.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.