Jo Ann ROBERTS, Plaintiff,

v.

BOARD OF EDUCATION, Hazel Crest School District No. 152½, Cook County, Illinois, a Body Politic and Corporate; Earline Wilson, Olivia Andrews, Gertrude Rucker, David Daniels, Donna Gayden, Kenneth Williams and Willie Webb, as members of the Board of Education, Hazel Crest School District No. 152½, Cook County, Illinois, and Individually, Defendants.

No. 98 C 2687.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 30, 1998.

Robert A. Berghoff, Christopher John Berghoff, Berghoff & Berghoff, Chicago, IL, for Plaintiff.

Raymond A. Hauser, Scariano, Kula, Ellch & Himes, Chtd., Chicago, IL, Susan H. Walter, Scariano, Kula, Ellch & Himes, Chtd., Chicago Heights, IL, for Defendants.

### Memorandum Opinion and Order

BUCKLO, District Judge.

Jo Ann Roberts sued her former employer, the Board of Education of Hazel Crest School District No. 152½ [the "Board"], and individual members of the Board for breach of contract, deprivation of due process under 42 U.S.C. § 1983 [" § 1983"], and defamation. The defendants move to dismiss certain individual members from the lawsuit and to dismiss Count III. For the following reasons, the motion is granted, in part, and denied, in part.

### Background [1]

Dr. Roberts was employed by the Board as superintendent of Hazel Crest School District No. 152½ from 1996 to 1998. According to a written contract dated June 21, 1996 between Dr. Roberts and the Board, Dr. Roberts was to be fired only "for cause." On October 8, 1997, the Board made a number of charges against Dr. Roberts and placed her on administrative leave. Those charges were amended and made the subject of an administrative hearing, which was held before a hearing officer selected by the Board. The hearing officer found insufficient evidence to support the charges against Dr. Roberts. On January 12, 1998 the Board met, adopted its own findings of fact, and

---

1. The background facts are taken from the complaint. When evaluating a motion to dismiss, I must assume that all well-pleaded factual allegations are true. *Prince v. Rescorp Realty,* 940 F.2d 1104, 1106 (7th Cir.1991).

voted to terminate Dr. Roberts. Dr. Roberts claims that the charges adopted by the Board resulting in her termination were false and defamatory.

### Motion to Dismiss Certain Individuals

The defendants argue that I should dismiss David Daniels, Kenneth Williams, and Willie Webb in their individual capacities pursuant to Federal Rule of Civil Procedure 12(b)(6). They argue that the complaint is void of alleged wrongdoing by these defendants in their individual capacities.

### Count I–Breach of Contract against Board

In Count I, Dr. Roberts alleges that the Board's termination of her employment was in breach of her contract. Count I is labeled "Breach of Contract Against Board." The prayer for relief is also against the Board. No Board members are mentioned in Count I.

Nevertheless, in her response to the motion to dismiss, Dr. Roberts argues that Mr. Daniels, Mr. Williams, and Mr. Webb are liable in their individual capacities for breach of contract because Mr. Webb voted for her termination and Mr. Daniels and Mr. Williams voted against it. I will assume that if allowed, plaintiff would amend her complaint to allege individual liability for breach of contract.

■ Dr. Roberts' breach of contract claim arises out of her employment contract, which is attached to the complaint as an exhibit. The employment contract clearly states that it is "by and between BOARD OF EDUCATION, HAZEL CREST SCHOOL DISTRICT NO. 152½, COOK COUNTY, ILLINOIS (the "Board"), and DR. JO ANN ROBERTS...." (Compl., Exhibit A, at 1.) Where an attached contract shows that the requested relief is not merited, "dismissal is both justified and appropriate." *Palda v. General Dynamics Corp.*, 47 F.3d 872, 876 (7th Cir.1995). Inasmuch as Dr. Roberts admits that her contract was with the Board, Dr. Roberts cannot state a claim against the defendants in their individual capacities.

### Count II–Deprivation of Due Process against Board

Dr. Roberts alleges in Count II that she was deprived of a protected property interest in her employment under color of state law and without due process in contravention of § 1983. As in Count I, Dr. Roberts labels her claim "Against Board" and asks for relief only from the Board. Unlike Count I, however, in Count II Dr. Roberts alleges that both the Board *and* its individual members deprived her of a protected property interest. Assuming that, if permitted, Dr. Roberts would amend her complaint to seek relief against the defendants in their individual capacities, I will consider the motion to dismiss this count in that fashion.

The complaint alleges that Dr. Roberts could be terminated only for cause, that Dr. Roberts was terminated despite a finding that there was no cause, and that the Board and its individual members deprived Dr. Roberts of a constitutionally protected property interest without due process of law. The complaint further alleges that Mr. Webb voted to adopt the Board's own findings of fact and terminate Dr. Roberts but that Mr. Daniels and Mr. Williams voted not to terminate Dr. Roberts.

■ These allegations do not state a claim for deprivation of due process against Mr. Daniels, Mr. Webb, or Mr. Williams in their individual capacities. Dr. Roberts has not made any allegations against Mr. Webb other than that he voted for her termination. She also has not made any allegations from which it can be reasonably inferred that Mr. Daniels or Mr. Williams participated in a due process deprivation. In her response to the motion to dismiss, Dr. Roberts admits that her claim against Mr. Daniels and Mr. Williams is problematic, but argues that she should be given the opportunity to show that their votes opposing her termination were cosmetic in nature and that Mr. Daniels and Mr. Williams were equal partners in the campaign to discharge her. However, in her complaint Dr. Roberts has not alleged any type of agreement, partnership, or conspiracy that included Mr. Daniels, Mr. Webb, or Mr. Williams, nor any basis for concluding that a vote for or against her dismissal could

support a claim for violation of her due process rights.[2] Therefore the motion to dismiss Mr. Daniels, Mr. Webb, and Mr. Williams from Count II is granted.[3]

### Count III–Defamation Against Board and Certain Individual Members

In Count III, Dr. Roberts alleges that certain members of the Board maliciously and intentionally concocted unfounded charges against her which the Board adopted. She alleges that Donna Gayden, Earline Wilson, Olivia Andrews, and Gertrude Rucker were the individual Board members who made the defamatory charges. Dr. Roberts did not make any allegations implicating Mr. Daniels, Mr. Williams, or Mr. Webb in their individual capacities. They are not on notice of the grounds of a defamation claim against them and therefore I grant the defendants' motion to dismiss Mr. Daniels, Mr. Williams, and Mr. Webb from Count III.

### Motion to Dismiss Count III
### The Board

The defendants argue that the Board has statutory immunity from Dr. Roberts' defamation claim. Illinois law provides that "[a] local public entity is not liable for injury caused by any action of its employees that is libelous or slanderous or for the provision of information...." 745 ILCS 10/2–107 (West 1993). Dr. Roberts concedes that the Board has statutory immunity from her defamation claim. Defendants' motion to dismiss the Board from Count III is granted.

### Ms. Andrews, Ms. Gayden, Ms. Rucker, and Ms. Wilson

The defendants also argue that, under the common law, the individual defendants have an absolute privilege from liability for defamation because the alleged defamatory statements were made within the scope of their official duties. Dr. Roberts agrees in her

response that the defendants would have an absolute privilege if the statements were made only within the scope of the defendants' official duties. She argues that they were not.

Defamation is a state law claim, and defamation privileges are part of the law of defamation. *Baravati v. Josephthal, Lyon, & Ross, Inc.,* 28 F.3d 704, 707 (7th Cir.1994). Illinois courts have found that officials of the executive branch of local governments cannot be held liable for statements made within the scope of their official duties. *Geick v. Kay,* 236 Ill.App.3d 868, 603 N.E.2d 121, 127, 177 Ill.Dec. 340, 346 (2d Dist.1992). A board of education "is an executive, administrative agency of the state government" and its members are public officers. *People v. Peller,* 34 Ill.App.2d 372, 181 N.E.2d 376, 378 (1st Dist.1962). The term "government official" has been broadly construed. *Harris v. News–Sun,* 269 Ill.App.3d 648, 646 N.E.2d 8, 11, 206 Ill.Dec. 876, 879 (2d Dist.1995). In determining whether a defendant is entitled to use the privilege as a defense, the inquiry focuses on the nature of the government official's duties rather than on his or her rank or title. *Id.* at 11, 206 Ill.Dec. at 879, 646 N.E.2d 8. In Illinois, school boards employ a superintendent who is in charge of school administration "under the direction of the board of education." 105 ILCS 5/10–21.4 (West Supp.1998). Thus individual members of the school board, as government officials responsible for the direction of the superintendent, are privileged from liability for defamation if the statements at issue were made within the scope of their official duties.

Dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts to support the allegations in the claim. *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 102. In Count III, Dr. Roberts alleges that her professional reputation and standing were damaged by the false charges

---

**2.** While Dr. Roberts may replead, she is reminded of Rule 11, Fed.R.Civ.P.

**3.** In their reply brief, the defendants argue for the first time that under *Bogan v. Scott–Harris,* —— U.S. ——, 118 S.Ct. 966, 140 L.Ed.2d 79 (1998), all of the individual Board members are absolutely immune from suit under § 1983 for their legislative activities, such as voting. I will

not address this argument because the defendants did not raise it in the memorandum accompanying their motion to dismiss. *See, e.g., Petri v. Gatlin,* 997 F.Supp. 956, 977 (N.D.Ill. 1997) ("Because these arguments appear for the first time in [the] reply, the plaintiffs have not had an opportunity to respond to them").

against her. She further alleges that the charges were concocted by the named Board members for the sole purpose of removing her, her contract notwithstanding. Dr. Roberts claims that the charges severely hampered her ability to secure employment in her field of education administration. She did not plead factual allegations indicating how the charges were disseminated.

From the face of the complaint, it is not clear that Ms. Andrews, Ms. Gayden, Ms. Rucker, and Ms. Wilson made and disseminated the allegedly defamatory statements about Dr. Roberts only in the course of their official duties. Since Dr. Roberts' allegations do not clearly point to the existence of a defense, the question of whether the defamatory statements were made only in the course of official duties is not appropriately answered in a Rule 12(b)(6) motion to dismiss. Defendants' motion to dismiss Ms. Andrews, Ms. Gayden, Ms. Rucker, and Ms. Wilson from Count III is therefore denied.

### Conclusion

For the foregoing reasons, the motion to dismiss Mr. Daniels, Mr. Webb, and Mr. Williams in their individual capacities is granted. The motion to dismiss Court III is granted with respect to the Board and denied with respect to Ms. Andrews, Ms. Gayden, Ms. Rucker, and Ms. Wilson.