(No. 42210.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. JESSE BALLINGER, Appellant.

*Opinion filed January 26, 1973.*

WARD, J., took no part.

BURTON I. WEINSTEIN, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and RONALD NEVILLE, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, Jesse Ballinger, appeals from the judgment of the circuit court of Cook County dismissing without an evidentiary hearing his petition seeking relief under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1971, ch. 38, par. 122–1 *et seq.*) Petitioner, in a bench trial, was convicted of murder and this court affirmed the judgment. (*People v. Ballinger, 36 Ill.2d 620.*) His post-conviction petition was filed *pro se* and the Public Defender was appointed to represent him. The transcript of the proceedings during the argument of the People's motion to dismiss the petition reflects that at that time the assistant Public Defender stated to the circuit court, "*** I talked to the plaintiff, read his transcript, read the coroner's inquest, I'll stand on the petition."

Petitioner, citing *People v. Slaughter, 39 Ill.2d 278,* contends that he was denied adequate representation in the post-conviction proceeding "due to the failure of court appointed counsel to amend an obviously deficient and inadequate *pro se* petition." The *pro se* petition alleged violations of statutory provisions rendering the indictment invalid, but none of these raises constitutional issues cognizable in a post-conviction proceeding. (*People v. French, 46 Ill.2d 104.*) Further, all of the matters alleged could have been raised in the direct appeal and, since they were not, are waived. Under the circumstances the record

reflects no violation of the *Slaughter* standards which requires reversal.

Petitioner contends next that the representation afforded him at the trial was so inadequate as to "amount to no representation at all" and that the Public Defender should have amended the *pro se* post-conviction petition to allege incompetency of counsel. The trial transcript shows that defense counsel cross-examined the witnesses, raised the issue of voluntariness and objected to the admission of two confessions made by petitioner, and presented evidence that the petitioner killed the decedent in self-defense. The claim of inadequate representation at trial is not sustained by the record.

Finally petitioner contends that the sentence imposed was excessive and should be reduced. The sentence is within the statutory limits and although subject to review on direct appeal, the allegation of excessiveness raises no issue cognizable under the Post-Conviction Hearing Act. The circuit court did not err in dismissing the petition and the judgment is affirmed.

*Judgment affirmed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.