THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NOEL BONILLA, Defendant-Appellant.

First District (3rd Division)   No. 86—2874

Opinion filed May 11, 1988.

Steven Clark and Deborah Liebow, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Kenneth T. McCurry, Kim A. Novi, and John R. Perkaus, Assistant State's Attorneys, of counsel), for the People.

JUSTICE FREEMAN delivered the opinion of the court:

Defendant/petitioner, Noel Bonilla, was convicted on November 26, 1985, of armed violence and attempted murder. On December 18, 1985, the trial court sentenced defendant to six years' imprisonment for the offenses. Defendant did not file a direct appeal from the convictions. On July 7, 1986, defendant filed a *pro se* petition for post-conviction relief. On August 15, 1986, the trial court dismissed defendant's petition in a written order without a hearing.

Defendant filed an appeal and the State appellant defender was appointed as counsel. On appeal defendant contends that, as an indigent *pro se* defendant seeking post-conviction relief, he was entitled to the appointment of counsel prior to the trial court's consideration of whether his petition was frivolous or patently without merit.

Defendant alleges, among other things, equal protection and due process violations. In addition, defendant asserts that since the trial court failed to enter its order of dismissal within the 30-day period provided for in the statute, the order of dismissal should be reversed and the cause should be remanded to the trial court for further consideration.

For the reasons stated below, we reverse and remand this matter to the trial court.

In its order of dismissal, the trial court reviewed the allegations of defendant's petition. The petition alleges that defendant was not proved guilty beyond a reasonable doubt; that the court erroneously limited cross-examination; and that the court erred in allowing the State to proceed on charges of armed violence and attempt. The court's order of dismissal concludes that the claims asserted in the petition could have been raised on direct appeal, that petitioner failed to allege a substantial denial of his constitutional rights, and that the allegations asserted relate to evidentiary matters.

In its brief, the State initially responds that defendant waived the issues raised in his petition for post-conviction relief since he failed to raise them on direct appeal. However, we find that in each of the cases relied on by the State to establish waiver, a direct appeal had been filed and considered by the court. (*People v. Silagy* (1987), 116 Ill. 2d 357, 370, 507 N.E.2d 830, *cert. denied* (1987), ____ U.S. ____, 98 L. Ed. 2d 163, 108 S. Ct. 212, *rehearing denied* (1987), ____ U.S. ____, 98 L. Ed. 2d 413, 108 S. Ct. 476; *People v. Gaines* (1984), 105 Ill. 2d 79, 87, 473 N.E.2d 868, *cert. denied* (1985), 471 U.S. 1131, 86 L. Ed. 2d 282, 105 S. Ct. 2666; *People v. Ward* (1971), 48 Ill. 2d 117, 121, 268 N.E.2d 692, *cert. denied* (1971), 404 U.S. 849, 30 L. Ed. 2d 87, 92 S. Ct. 155; *People v. French* (1970), 46 Ill. 2d 104, 107, 262 N.E.2d 901, *cert. denied* (1971), 400 U.S. 1024, 27 L. Ed. 2d 636, 91 S. Ct. 590.) The cited cases hold that where a full review of the issues raised was had on appeal, any claim which might have been raised on appeal, but was not, is considered waived. In the instant case, defendant did not file a direct appeal from his conviction. Therefore, the cases cited by the State to establish waiver are inapposite. We will consider each of defendant's arguments on appeal.

In his appeal defendant relies on the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*). The pertinent sections of the statute provide:

> "Within 30 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section. If the court determines the

petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment ***." Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a).

"If the petition is not dismissed pursuant to Section 122—2.1, and alleges that the petitioner is unable to pay the costs of the proceeding, the court may order that the petitioner be permitted to proceed as a poor person and order a transcript of the proceedings delivered to petitioner in accordance with Rule of the Supreme Court. If the petitioner is without counsel and alleges that he is without means to procure counsel, he shall state whether or not he wishes counsel to be appointed to represent him. If appointment of counsel is so requested, and the petition is not dismissed pursuant to Section 122—2.1, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel." Ill. Rev. Stat. 1985, ch. 38, par. 122—4.

Defendant initially asserts that section 122—2.1 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1) is an unconstitutional infringement on the rulemaking authority of the courts in that it conflicts with Supreme Court Rule 651(c) (107 Ill. 2d R. 651(c)) and violates the separation of powers doctrine. As indicated above, section 122—2.1 allows the trial court to dismiss a petition filed by an indigent, without appointing counsel, where the court finds the petition to be frivolous or patently without merit. Supreme Court Rule 651(c), on the other hand, provides that an indigent petitioner who files a notice of appeal is entitled to receive a transcript of proceedings and the appointment of counsel by the court.

Supreme Court Rule 651(c) provides:

"Upon the timely filing of a notice of appeal in a post-conviction proceeding, if the trial court determines that the petitioner is indigent, it shall order that a transcript of the record of the post-conviction proceedings, including a transcript of the evidence, if any, be prepared and filed with the clerk of the court to which the appeal is taken and shall appoint counsel on appeal, both without cost to the petitioner. The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made

any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 107 Ill. 2d R. 651(c).

We note that after the parties filed their briefs in this matter, the Illinois Supreme Court handed down its decision in *People v. Porter* (1988), 122 Ill. 2d 64, in which the court addressed, among other issues, several constitutional challenges to section 122—2.1. In view of *Porter,* defendant's argument regarding a conflict between section 122—2.1 and Rule 651(c) must fail.

■ In *Porter,* the supreme court held that there is no conflict between the Act and the rule since the two provisions deal with appointment of counsel for indigents at different stages of the post-conviction proceedings. Section 122—2.1 pertains to the trial level, while Rule 651(c) concerns appellate procedure. (*Porter,* 122 Ill. 2d at 72, citing *People v. Price* (1986), 144 Ill. App. 3d 949, 952, 495 N.E.2d 517; *People v. Brown* (1986), 142 Ill. App. 3d 139, 141-42, 491 N.E.2d 486; *People v. Baugh* (1985), 132 Ill. App. 3d 713, 715-16, 477 N.E.2d 724.) Further, the court in *Porter* held that section 122—2.1 does not violate the separation of powers doctrine since the appointment of counsel at the hearing stage of the post-conviction proceeding is a matter for the legislature. *Porter,* 122 Ill. 2d at 72-73, citing *People v. Ward* (1984), 124 Ill. App. 3d 974, 978, 464 N.E.2d 1144.

Defendant next contends that section 122—2.1 of the Act denies indigent petitioners due process of law in that they are not afforded counsel unless their petitions are found to have some merit. Defendant contends that it cannot be assumed that all indigent petitioners are capable of determining and communicating the manner in which their conviction resulted from a substantial constitutional infringement. The dismissal of a petition found to be frivolous forever precludes a petitioner from filing a meritorious claim, since the statute provides that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." Ill. Rev. Stat. 1985, ch. 38, par. 122—3.

*People v. Porter* (1988), 12 Ill. 2d 64, addresses a similar due process challenge to section 122—2.1. In *Porter,* the supreme court found no constitutional violation. The court noted that procedural due process contemplates litigants having a meaningful opportunity to be heard. (*Porter,* 122 Ill. 2d at 74, citing *People v. Taylor* (1979), 76 Ill. 2d 289, 391 N.E.2d 366.) The court in *Porter* found that the provisions of section 122—2.1 regarding the appointment of counsel fail to deny a petitioner the opportunity to be heard.

■ The court found that sections 122—2.1 and 122—4 provide for

the appointment of counsel for an indigent petitioner once the trial court determines that the claims are not frivolous and patently without merit. The court stated that while the statute requires a petitioner to set forth the specific manner in which his rights were violated (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1), the petitioner need not construct legal arguments or cite to legal authority. (*Porter*, 122 Ill. 2d at 74.) Further, the court stated that "[o]nce the petitioner sets out allegations demonstrating a meritorious constitutional claim, he is entitled to have counsel represent him on the petition." (*Porter*, 122 Ill. 2d at 74.) The supreme court cites to *People v. Baugh* (1985), 132 Ill. App. 3d 713, 717, 477 N.E.2d 724, in which the appellate court previously found that there appeared to be no reason that a petitioner would not be able to present to the court the gist of his claim. In addition, the court noted that the United States Supreme Court has held that fundamental fairness does not require that counsel be appointed for post-conviction petitioners. *Porter*, 122 Ill. 2d at 74-77, citing *Rodriquez v. United States* (1969), 395 U.S. 327, 23 L. Ed. 2d 340, 89 S. Ct. 1715, and *Johnson v. Avery* (1969), 393 U.S. 483, 21 L. Ed. 2d 718, 89 S. Ct. 747.

▮▮ Defendant also contends that the denial of counsel to indigent post-conviction petitioners violates equal protection principles, since a defendant who files a direct appeal from a conviction is afforded counsel. The *Porter* decision, however, found that section 122—2.1 presented no such equal protection violation. (*People v. Porter* (1988), 122 Ill. 2d 64, 78.) In *Porter* the supreme court adopted the analysis and holding in *People v. Baugh* (1985), 132 Ill. App. 3d 713, 716, 477 N.E.2d 724, in which the appellate court earlier concluded that there is a rational basis for treating direct appellants and post-conviction petitioners differently. (*Porter*, 122 Ill. 2d at 78.) Further, the supreme court cited *People v. Mason* (1986), 145 Ill. App. 3d 218, 494 N.E.2d 1176, which held that " 'there is no disparate treatment between indigent and nonindigent post-conviction petitioners as all are subject to dismissal regardless of whether they are represented by counsel if their petitions are found to be frivolous and patently without merit.' " *People v. Porter* (1988), 122 Ill. 2d 64, 78, quoting *People v. Mason*, 145 Ill. App. 3d at 226.

Defendant also asserts that section 122—2.1 of the Act is invalid since it is inseverable from section 122—8 of the Act, which was declared unconstitutional in *People v. Joseph* (1986), 113 Ill. 2d 36, 495 N.E.2d 501. Again, defendant's argument must fail in view of the supreme court's decision in *People v. Porter*.

▮▮ Case law provides that the test for severability is whether the

legislative enactment remaining after the invalid portion is stricken is complete in itself and capable of being executed wholly independently of that which was rejected. (*People v. Porter* (1988), 122 Ill. 2d 64, 79-80; see also *People ex rel. Peoria Civic Center Authority v. Vonachen* (1975), 62 Ill. 2d 179, 340 N.E.2d 1; *City of Carbondale v. Van Natta* (1975), 61 Ill. 2d 483, 338 N.E.2d 19.) The invalid portion of the statute does not render the entire section unconstitutional unless it can be said that the General Assembly would not have enacted the statute with the invalid portion eliminated. *People v. Farmer* (1986), 148 Ill. App. 3d 723, 726, 499 N.E.2d 710.

▪ The court in *Porter* adopted the analysis in *Farmer* that section 122—8 is not indispensable to the statute as a whole. (*Porter,* 122 Ill. 2d at 80.) The court in *Farmer,* after reviewing the legislative history of the Act, found no indication that the General Assembly would not have passed section 122—2.1 without section 122—8. (*Farmer,* 148 Ill. App. 3d at 728.) The same result was reached in *People v. Garvin* (1987), 152 Ill. App. 3d 438, 504 N.E.2d 948. The supreme court in *Porter* similarly concluded that section 122—2.1 is severable from section 122—8 and therefore is valid. *Porter,* 122 Ill. 2d at 81.

Defendant next contends that even if this court holds that an indigent petitioner need not be provided with counsel prior to dismissal of the petition, this court should strike down the Act as violative of due process and equal protection in that the Act fails to provide for the furnishing of a free transcript to the petitioner prior to a final adjudication. Defendant notes that under the Act an indigent petitioner is not entitled to a free transcript of the original trial or guilty plea proceedings unless his *pro se* petition survives an initial review by the trial judge. If the court finds the petition to be frivolous or patently without merit, the court may enter a final order of dismissal without making a transcript available. Ill. Rev. Stat. 1985, ch. 38, pars. 122—2.1(a), 122—4.

■ We find that the Act fails to infringe upon defendant's constitutional rights to equal protection or due process. In support of his equal protection argument, defendant cites *Griffin v. Illinois* (1956), 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585, *rehearing denied* (1956), 351 U.S. 958, 100 L. Ed. 1480, 76 S. Ct. 844, in which the Supreme Court held that a State must make transcripts available to indigent defendants who file a direct appeal. However, *People v. Porter* (1988), 122 Ill. 2d 64, has held that, for purposes of an equal protection challenge, a distinction can be made between indigent defendants who file direct appeals from those who file post-conviction petitions. (*Porter,* 122 Ill. 2d at 78. See also *People v. Mason* (1986), 145 Ill. App. 3d

218, 494 N.E.2d 1176; *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724.) The courts have found that those two groups are not similarly situated and there is a rational basis for treating them differently.

While *Porter, Mason,* and *Baugh* deal with the issue of equal protection in the context of the appointment of counsel to post-conviction petitioners, we find that the analysis contained in those decisions can be applied to the furnishing of a transcript to indigent post-conviction petitioners. As noted in *People v. Porter* (1986), 141 Ill. App. 3d 208, 490 N.E.2d 47, a direct appellant must initially submit a brief including facts, legal argument, and citation to legal authority. In contrast, a post-conviction petitioner must submit only a petition setting forth such facts as indicate a denial of his constitutional rights, showing only that his petition is not frivolous or patently without merit. *Porter,* 141 Ill. App. 3d at 215.

We do not believe that the minimal standard the petitioner is required to meet prior to being furnished a transcript denies him equal protection. We note that indigent prisoners are not a suspect class and wealth is not a suspect classification. (*People v. Garvin* (1987), 152 Ill. App. 3d 438, 444, 504 N.E.2d 948.) The requirements of section 122—2.1 do not deprive indigents of pursuing a meritorious collateral claim on account of their poverty, but merely provide that all petitions shall be reviewed for merit before proceeding to the stage requiring the receipt of proof. *People v. Ross* (1985), 139 Ill. App. 3d 674, 487 N.E.2d 1137.

■ In addition, we find no due process violation. Defendant asserts that without a transcript, a petitioner must rely on his probably faded memory. Defendant also contends that a petitioner needs a transcript in order to help him better to identify and frame the constitutional errors he seeks to raise. We disagree. The Act's requirement that a petitioner allege facts to indicate a potential constitutional violation does not infringe upon a petitioner's due process rights or deny him access to the courts. The standard required of a petitioner is minimal (*People v. Ross* (1985), 139 Ill. App. 3d 674, 487 N.E.2d 1137), and section 122—2.1 provides a petitioner an opportunity to be heard in order to present the gist of his claim. (*People v. Porter* (1988), 122 Ill. 2d 64; *People v. Taylor* (1979), 76 Ill. 2d 289, 391 N.E.2d 366; *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724.) Once the petitioner shows a meritorious claim, he is entitled to have a complete transcript furnished to him.

■ Finally, defendant contends that the trial court's order must be reversed and this cause must be remanded for further proceedings

since the trial court failed to enter its order of dismissal within the 30-day period provided for in the statute.

The pertinent portion of section 122—2.1 provides that "[w]ithin 30 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section." (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1) The State does not dispute that in the instant case the trial court's order was not entered within 30 days of the filing of the petition. As noted above, the petition was filed on July 7, 1986, and the trial court entered its order of dismissal on August 15, 1986, 39 days later.

The Illinois Supreme Court has addressed this issue in *People v. Porter* (1988), 122 Ill. 2d 64. In *Porter*, the supreme court held that the legislature intended the 30-day rule to be mandatory. The court found the language in the statute to be clear on its face. The court noted that, generally, the use of the word "shall" indicates a mandatory legislative intent. (*People v. Youngbey* (1980), 82 Ill. 2d 556, 413 N.E.2d 416.) In addition, mandatory intent is indicated where a statute prescribes the result that will occur if the specified procedure is not followed. (*People v. Brown* (1986), 142 Ill. App. 3d 139, 491 N.E.2d 486.) Section 122—2.1(b) prescribes the result when a trial court fails to dismiss a petition within 30 days as follows:

> "If the petition is not dismissed pursuant to this Section, the court shall order the petition to be docketed for further consideration in accordance with Sections 122—4 through 122—6." (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(b).)

The court stated that since it found the 30-day rule mandatory and not discretionary, the trial court's noncompliance with the Act rendered the dismissal void. *Porter*, 122 Ill. 2d at 86.

The trial court in the instant case failed to enter its dismissal order within 30 days of the filing of the petition. Therefore, the dismissal was void and petitioner's cause must be reinstated and the petition docketed for further consideration in accordance with the statute. *People v. Porter* (1988), 122 Ill. 2d 64.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and this cause remanded to the circuit court.

Judgment reversed and cause remanded.

McNAMARA and RIZZI, JJ., concur.