WILLIE RAY HARRIS, Petitioner-Appellant, v. THE STATE OF ILLINOIS *et al.*, Respondents-Appellees.

Third District   No. 3—90—0595

Opinion filed March 27, 1991.

Willie Ray Harris, of Joliet, appellant *pro se.*

Neil F. Hartigan, Attorney General, of Springfield (Susan Frederick Rhodes, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE GORMAN delivered the opinion of the court:

The petitioner, Willie Ray Harris, appeals the denial of his petition for a writ of *mandamus.*

The record shows that the petitioner was convicted of the 1979 murder of William Snow. His conviction was affirmed on direct appeal. (*People v. Harris* (1st Dist. 1983), No. 1—81—2085 (unpublished order under Supreme Court Rule 23).) On February 6, 1990, the petitioner filed a *mandamus* petition against the State of Illinois and various other respondents. In the petition, he alleged that a codefendant, Hurley Mallette, had been acquitted of the same offense. For the purpose of collateral review of his conviction, he asked the court to order the respondents to provide him free of charge a copy of the transcripts of both the pretrial and trial proceedings against Mallette. The trial court denied the motion.

On appeal, the petitioner contends that the court erred in denying the motion. Initially, we note that under the doctrine of sovereign immunity, the State of Illinois could not be a respondent in this case. (Ill. Rev. Stat. 1989, ch. 127, par. 801.) The State is therefore not a proper party to this appeal. We shall, however, consider the appeal as it applies to the other respondents.

The petitioner argues that he is entitled to a copy of the transcripts under the following provisions or doctrines: the due process clause of the fourteenth amendment (U.S. Const., amend. XIV); Supreme Court Rules 412, 415, 607, and 608 (134 Ill. 2d Rules 412, 415, 607, 608); and the "common right of access to public records" (see *People ex rel. Gibson v. Peller* (1962), 34 Ill. App. 2d 372, 181 N.E.2d 376).

■■ A writ of *mandamus* shall lie to compel a public officer to perform a specific duty to which the petitioner is entitled as a matter of right. (*Rexroat v. Abatte* (1987), 163 Ill. App. 3d 796, 516 N.E.2d 1050.) We have examined the rules and cases cited by the petitioner and find that none of them establishes a right to a free copy of Mallette's transcripts. It is true that where an indigent defendant takes an appeal, under the due process clause he has the right to receive a free copy of his own trial transcripts. (*Griffin v. Illinois* (1956), 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585.) That right is distinguishable, however, from the right of a defendant pursuing a post-conviction petition to obtain a free copy of his codefendant's transcripts. See *United States v. MacCollom* (1976), 426 U.S. 317, 48 L. Ed. 2d 666, 96 S. Ct. 2086.

Additionally, the supreme court rules cited by the petitioner do not address the instant issue. Rules 412 and 415 deal with discovery, while Rules 607 and 608 address appellate procedure. 134 Ill. 2d Rules 412, 415, 607, 608.

■ Lastly, the cases establishing a common right of access to public records deal with the right to review and reproduce a public record, not the right to receive a free transcript of a codefendant's trial. (See *Gibson*, 34 Ill. App. 2d at 374-75, 181 N.E.2d at 378.) Based on the foregoing, we hold that the trial court properly denied the *mandamus* petition.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

STOUDER, P.J., and BARRY, J., concur.