THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DOMINICK GIAMPAOLO, Defendant-Appellant.

Second District    No. 2—02—1161

Opinion filed December 10, 2003.—Rehearing denied January 14, 2004.

Dominick Giampaolo, of Dixon, appellant *pro se.*

Gary W. Pack, State's Attorney, of Woodstock (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Paul Benjamin Linton, of Northbrook, for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Dominick Giampaolo, was convicted of criminal sexual assault (720 ILCS 5/12—13(a)(3) (West 2000)) and sentenced to 10 years' imprisonment. Approximately one year later, he filed a "Motion for Trial Transcripts and Common Law Records." Defendant averred that he could not afford the trial transcripts and common-law record and that without them, he would be unable to present any claims

relating to a denial of his constitutional rights. The trial court denied the motion, ruling that defendant had not filed a petition for relief under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 *et seq.* (West 2002)). Defendant then filed a motion to reconsider the denial of his motion and a second motion for free transcripts. Defendant argued that he would be unable to file a postconviction petition without access to the transcripts and the record. The court denied the motions, again ruling that defendant had not filed a post-conviction petition. Defendant appeals. We affirm.

■■ Under the Act, a trial court that does not dismiss a postconviction petition at the initial review stage "may order that the petitioner be permitted to proceed as a poor person and order a transcript of the proceedings delivered to petitioner in accordance with Rule of the Supreme Court." 725 ILCS 5/122—4 (West 2002). Here, defendant has not yet filed a postconviction petition. Accordingly, he is not entitled to a free transcript under the Act. However, defendant argues that the denial of a free transcript denies him due process and equal protection. See U.S. Const., amend. XIV. Because these arguments challenge the constitutionality of the Act, our review is *de novo. People v. Moss*, 206 Ill. 2d 503, 519-20 (2003).

■ Defendant first argues that the trial court violated his due process rights by denying him a free transcript. He contends that it would be unfair to require him to recall constitutional violations in proceedings that occurred several years ago. Although defendant's argument has some surface appeal, it nevertheless fails. In *People v. Bonilla*, 170 Ill. App. 3d 26 (1988), the petitioner argued that the denial of free transcripts was a due process violation because without a transcript, he would have to rely on faded memory in preparing a postconviction petition. The court held that the denial of a free transcript prior to the filing of the petition was not a due process violation. The court reasoned that the Act provides a petitioner with access to the courts and an opportunity to raise constitutional violations. *Bonilla*, 170 Ill. App. 3d at 34. Moreover, the standard required of a petitioner is minimal: he or she must present only the gist of a constitutional claim. *Bonilla*, 170 Ill. App. 3d at 34; see *People v. Boclair*, 202 Ill. 2d 89, 99 (2002). Once a petitioner does so, he or she is entitled to a free transcript. We agree with the *Bonilla* court and hold that the trial court's denial of a free transcript did not violate defendant's due process rights.

■ Defendant next contends that the court violated his equal protection rights by denying him a free transcript. He argues that the Act treats similar groups of inmates differently in that inmates with sufficient funds may purchase transcripts prior to filing a petition

while indigent inmates may not obtain a transcript until filing a petition that raises a meritorious claim. This argument was rejected in *People v. Jones*, 168 Ill. App. 3d 925 (1988). There, the court held that the Act does not treat indigent and nonindigent inmates differently based on financial status because "all post-conviction petitioners must meet the threshold requirement before their petitions will be considered further." *Jones*, 168 Ill. App. 3d at 932; see also *Bonilla*, 170 Ill. App. 3d at 34. We agree and hold that the court's denial of a free transcript was not an equal protection violation.

We also note that there is an even more fundamental problem with defendant's request. Even if we were to find constitutional error, he has failed to show that he has been prejudiced by the trial court's refusal to provide him with a free transcript. Specifically, he has alleged no facts demonstrating that he would be able to raise a constitutional claim but for the denial of the transcript. His mere speculation is insufficient. Therefore, we must affirm the trial court's ruling.

■ Finally, defendant argues that the trial court erred in allowing McHenry County Assistant Public Defender Richard Behof to represent him at the hearing on his first motion for free transcripts. The transcript of the hearing reflects that though Mr. Behof was present at the hearing, his participation was limited to informing the court that defendant was in prison. There is no indication that Mr. Behof represented defendant at the hearing. Accordingly, defendant's claim fails.

The judgment of the circuit court of McHenry County is affirmed.

Affirmed.

BOWMAN and GILLERAN JOHNSON, JJ., concur.