THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSE SALGADO, Defendant-Appellant.

First District (4th Division)   No. 1—01—2735

Opinion filed September 30, 2004.

JUSTICE QUINN delivered the opinion of the court:

On February 2, 1996, defendant pleaded guilty to first degree murder. The circuit court sentenced him to 40 years in the Illinois Department of Corrections. Defendant did not file a motion seeking to vacate his guilty plea, a motion to reconsider his sentence, or a direct appeal from his conviction.

On September 15, 1998, defendant filed a *pro se* petition for post-conviction relief in which he argued that his 40-year sentence was excessive. The circuit court, in a written order, summarily dismissed defendant's petition. The court, citing *People v. Ballinger*, 53 Ill. 2d 388, 390, 292 N.E.2d 400 (1973), explained that an assertion that an excessive sentence was imposed did not constitute an allegation of a

violation of constitutional dimension where the sentence imposed was within the statutory limits and the statute was not unconstitutional. On December 16, 1998, defendant appealed the circuit court's dismissal of his postconviction petition. We affirmed. *People v. Salgado*, No. 1—99—0070 (1999) (unpublished order under Supreme Court Rule 23). Our supreme court rejected defendant's petition for leave to appeal. *People v. Salgado*, 186 Ill. 2d 585 (1999).

On May 16, 2001, defendant filed a *pro se* petition for transcripts and common law record. In his petition, defendant requested "transcripts of the Extended Jurisdictional Hearing and/or Dispositional [*sic*] Hearing that was held for the petitioner who was arrested for murder September 20, 1994."[1] Defendant cited Supreme Court Rules 606 and 607 (134 Ill. 2d R. 606; 177 Ill. 2d R. 607), and the Illinois Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 *et seq.* (2000)), which, according to his petition, "authorizes [the circuit court] to order a transcript of proceedings for indigents." On June 11, 2001, the trial court denied defendant's petition for transcripts. It is from this denial that defendant appeals.

Initially, we note that neither defendant[2] nor the State has filed a brief in this matter. However, as the issues presented in the instant case recur frequently, the record here is simple, and the claimed error is such that we can easily decide it without the aid of either brief, we will decide the merits of the appeal. See *People v. Gonzalez*, 204 Ill. 2d 220, 223 (2003), quoting *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

---

[1] It appears that defendant was requesting transcripts from any hearing held pursuant to section 5—810 of the Juvenile Court Act, entitled "Extended jurisdiction juvenile prosecutions." See 705 ILCS 405/5—810 (West 2000). We note that defendant was charged with first degree murder in 1994, five years before section 5—810 became effective. Furthermore, as defendant was 16 years old at the time he was charged with first degree murder in the instant case, the Juvenile Court Act did not apply. See 705 ILCS 405/5—4(6)(a) (West 1994) (stating that "any minor who at the time of an offense was at least 15 years of age and who is charged with first degree murder" "shall be prosecuted under the Criminal Code of 1961"). Defendant was properly prosecuted under the sections of the Criminal Code relating to first degree murder. See 720 ILCS 5/9—1 *et seq.* (West 1994).

We further note that defendant attached a copy of the transcript of the court proceedings during his plea of guilty to his response to his counsel's motion to withdraw as counsel in appeal No. 1—99—0070.

[2] The Cook County public defender's office filed a motion to withdraw as counsel, pursuant to *Pennsylvania v. Finley*, 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987).

The two questions before this court are (1) whether defendant is entitled to the transcripts he requested and (2) whether the circuit court's denial of his request for transcripts is an appealable order. To answer the first question, we must determine when a defendant is entitled to free transcripts.

In the case of a direct appeal, Supreme Court Rule 607(b) states in pertinent part:

> "In any case in which the defendant has been found guilty and sentenced to *** imprisonment, *** the defendant may petition the court in which he was convicted for a report of the proceedings at his trial or hearing. *** The petition shall be verified by the petitioner and shall state facts showing that he was at the time of his conviction, *** and is at the time of filing the petition, without financial means with which to obtain the report of proceedings. If the judge who imposed sentence *** finds that the defendant is without financial means with which to obtain the report of proceedings at his trial or hearing, he shall order the court reporter to transcribe an original and copy of his notes. *** The clerk of the trial court shall then, upon written request of the defendant, release a copy of the report of proceedings to the defendant's attorney of record on appeal. In the event that no attorney appears of record, the clerk shall, upon written request of the defendant, release the report of proceedings to the defendant, his guardian or custodian." 177 Ill. 2d R. 607(b).

As stated above, after a defendant has been sentenced to a term of imprisonment, he may petition the trial court, pursuant to Rule 607(b), for a "report of proceedings at his trial or hearing." 177 Ill. 2d R. 607(b). In his petition, the defendant must state facts which demonstrate to the circuit court that, both "at the time of his conviction" and "at the time of filing the petition," he was not able to afford a copy of the report of proceedings. 177 Ill. 2d R. 607(b). If the trial court finds that the defendant is indigent, it must provide him with a copy of the report of proceedings. See 177 Ill. 2d R. 607(b) ("If the judge who imposed sentence *** finds that the defendant is without financial means with which to obtain the report of proceedings at his trial or hearing, he *shall* order the court reporter to transcribe an original and copy of his notes" (emphasis added)). Simply put, on direct appeal, an indigent defendant is entitled to a free transcript of his trial or hearing as a matter of right. See 188 Ill. 2d R. 605(a) ("In all cases in which the defendant is found guilty and sentenced to imprisonment, *** the trial court shall, at the time of imposing sentence ***, advise the defendant *** of his right, if indigent, to be furnished, without cost to him, with a transcript of the proceedings at his trial or hearing"); see also *Harris v. State*, 212 Ill. App. 3d 13, 15,

570 N.E.2d 694 (1991) (stating that the failure to provide an indigent defendant with a copy of his trial transcript for direct appeal is a violation of that defendant's right to due process), citing *Griffin v. Illinois*, 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585 (1956).

On the other hand, in the postconviction setting, section 122—4 of the Post-Conviction Hearing Act provides:

> "If the petition is not dismissed pursuant to Section 122—2.1, and alleges that the petitioner is unable to pay the costs of the proceeding, the court may order that the petitioner be permitted to proceed as a poor person and order a transcript of the proceedings delivered to petitioner in accordance with Rule of the Supreme Court." 725 ILCS 5/122—4 (West 2000) ("Pauper Petitions").

Supreme Court Rule 471, entitled "Transcripts for Poor Persons Bringing Post-Conviction Proceedings," states:

> "If a petition filed under the provisions of article 122 of the Code of Criminal Procedure of 1963, dealing with post-conviction hearings, alleges that the petitioner is unable to pay the costs of the proceeding, the trial court *may* order that the petitioner be permitted to proceed as a poor person and order a transcript of the proceedings resulting in the conviction delivered to petitioner in accordance with paragraph (b) of Rule 607." (Emphasis added.) 134 Ill. 2d R. 471.

Under the plain language of Rule 471, it is clear that during this initial stage of review, a defendant who alleges as part of his postconviction petition that he is indigent is not automatically entitled to free transcripts.

In *People v. Bonilla*, 170 Ill. App. 3d 26, 28, 523 N.E.2d 1258 (1988), the defendant did not file a direct appeal from his convictions for armed violence and attempted murder. Defendant did file a *pro se* petition for postconviction relief, which was dismissed without counsel having been appointed. One of the issues raised by defendant on appeal was that the Post-Conviction Hearing Act violated due process and equal protection because "the Act fail[ed] to provide for the furnishing of a free transcript to the petitioner" before the circuit court's ruling as to whether or not his petition is frivolous or patently without merit pursuant to sections 122—2.1(a) and 122—4 of the Act. *Bonilla*, 170 Ill. App. 3d at 33, citing Ill. Rev. Stat. 1985, ch. 38, pars. 122—2.1(a), 122—4.

The defendant argued that he needed a transcript in order to better identify and frame the constitutional errors he sought to raise in his petition. The *Bonilla* court rejected the defendant's arguments, saying:

> "The standard required of a petitioner is minimal [citation], and section 122—2.1 provides a petitioner an opportunity to be heard

in order to present the gist of his claim. [Citations.] Once the petitioner shows a meritorious claim, he is entitled to have a complete transcript furnished to him." *Bonilla*, 170 Ill. App. 3d at 34.

*Bonilla* was recently followed in *People v. Giampaolo*, 344 Ill. App. 3d 1075, 801 N.E.2d 1113 (2003). In *Giampaolo*, the defendant was convicted of criminal sexual assault and sentenced to 10 years' imprisonment. One year later, the defendant filed a "Motion for Trial Transcripts and Common Law Records," averring that he could not afford them. 344 Ill. App. 3d at 1076-77. The circuit court denied the motion, ruling that defendant had not filed a petition for relief under the Post-Conviction Hearing Act. The Second District of the Appellate Court affirmed. In addition to relying on the holding in *Bonilla*, the court found that the defendant had "alleged no facts demonstrating that he would be able to raise a constitutional claim but for the denial of the transcript. His mere speculation is insufficient. Therefore, we must affirm the trial court's ruling." *Giampaolo*, 344 Ill. App. 3d at 1078.

■ In sum, transcripts must be provided to an indigent defendant on direct appeal (see 188 Ill. 2d R. 605(a); *Harris*, 212 Ill. App. 3d at 15, citing *Griffin*, 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585), but it is within the circuit court's discretion whether to provide a petitioner transcripts during the initial stage of postconviction proceedings. See 134 Ill. 2d R. 471; 725 ILCS 5/122—4 (West 2000); *Bonilla*, 170 Ill. App. 3d at 34. This distinction is justified because "a direct appellant must initially submit a brief including facts, legal argument, and citation to legal authority," whereas "a post-conviction petitioner must submit only a petition setting forth such facts as indicate a denial of his constitutional rights, showing only that his petition is not frivolous or patently without merit." *Bonilla*, 170 Ill. App. 3d at 34, citing *People v. Porter*, 141 Ill. App. 3d 208, 215 (1988) (holding that, for purposes of an equal protection challenge, a distinction can be made between indigent defendants who file direct appeals and those who file postconviction petitions).

■ Here, defendant's "petition for transcripts and common law records" cites Supreme Court Rules 606 (dealing with how and when a direct appeal must be filed), 607, and the Post-Conviction Hearing Act as the bases for his request for transcripts. The time for defendant to file a direct appeal, however, has long since expired. Furthermore, defendant's petition cannot be characterized as a postconviction petition for no "gist of a constitutional claim for relief" is presented in it. Only issues of constitutional magnitude are cognizable under the Act. *People v. Shaw*, 49 Ill. 2d 309, 311, 273 N.E.2d 816 (1971). Because of

the limiting language of section 122—1(a), even violations of statutory law have no remedy under the Act. *People v. Harper*, 345 Ill. App. 3d 276, 283-84, 802 N.E.2d 362 (2003). In the instant case, defendant did not assert a violation of a statutory law, much less a substantial deprivation of a constitutional right. There was simply no basis presented in defendant's petition for the transcripts he sought, and the circuit court acted within its discretion in rejecting defendant's request.

The next question is whether the circuit court's denial of defendant's petition for transcripts was a final appealable order. The 1970 Illinois Constitution provides that the appellate court has jurisdiction to hear appeals from both final judgments and other orders for which the supreme court rules permit interlocutory appeals. See Ill. Const. 1970, art. VI, § 6. An order's substance, and not its form, determines whether it is appealable. *People v. Savory*, 309 Ill. App. 3d 408, 411, 722 N.E.2d 220 (1999). " 'A judgment is final for appeal purposes if it determines the litigation on the merits or some definite part thereof so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment.' " *People ex rel. Block v. Darm*, 267 Ill. App. 3d 354, 355-56, 642 N.E.2d 863 (1994), quoting *In re Marriage of Verdung*, 126 Ill. 2d 542, 553, 535 N.E.2d 818 (1989). Furthermore, "no appeal lies from an interlocutory order in the absence of a statute or rule specifically authorizing such review." *People v. Miller*, 35 Ill. 2d 62, 67, 219 N.E.2d 475 (1966); see also *People v. Keystone Automotive Plating Corp.*, 98 Ill. App. 3d 40, 48, 423 N.E.2d 1246 (1981) (recognizing that *People v. Miller* remained valid under the 1970 Constitution).

In this case, there was no basis for defendant's petition for free transcripts. As stated above, he was not entitled to transcripts either as a matter of right as a direct appellant or, pursuant to the circuit court's discretion, as a postconviction petitioner. His petition was nothing more than a random request for free transcripts made without any pending litigation or proceedings in the circuit court. In reviewing the supreme court's rules governing which circuit court orders may be appealed, it is evident that, not only was there no basis for defendant's petition, there is no basis for defendant's appeal. See 188 Ill. 2d R. 307 (listing which interlocutory orders by the circuit court may be appealed); 188 Ill. 2d R. 604 ("Appeals from Certain Judgments and Orders").

While no similar case exists in Illinois, we are guided by *Pumphrey v. State*, No. 206, 2002 (Del. April 22, 2002), in which a *pro se* defendant filed a motion in the trial court for free transcripts. Dismissing the defendant's appeal, the court stated:

"Under the Delaware Constitution, only a final judgment may be reviewed by this Court in a *criminal* case. The denial of a motion for transcripts at state expense filed in the Superior Court is not a final appealable order, nor is it appealable as a collateral order before the entry of a final order on any postconviction motion. As a result, this Court has no jurisdiction to review [the defendant's] interlocutory appeal in this criminal case." (Emphasis in original.) *Pumphrey*, slip op. at 1.

Like the Delaware Constitution, our constitution allows appeals only from final judgments and those interlocutory orders specifically designated by the supreme court. See Ill. Const. 1970, art. VI, § 6; *Darm*, 267 Ill. App. 3d at 355 (stating that the "jurisdiction of the appellate court is limited to reviewing appeals from final judgments, subject to statutory or supreme court rule exceptions"). No rule or statute provides free transcripts to a defendant who is not seeking to file a direct appeal or postconviction petition. Though the circuit court's order rejected defendant's petition, there was no pending "litigation" which the order terminated " 'on the merits or some definite part thereof so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment.' " *Darm*, 267 Ill. App. 3d at 355-56, quoting *Verdung*, 126 Ill. 2d at 553.

Therefore, because the denial of a request for free transcripts is not an appealable order under the facts of this case, we have no jurisdiction. Consequently, we must dismiss defendant's appeal from the circuit court's denial of his petition for transcripts.

Appeal dismissed.

HARTMAN and GREIMAN, JJ., concur.