NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200136-U

NO. 4-20-0136

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 21, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| JOSEPHUS E. SEYBOLD, | ) | No. 16CF264 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

_____

JUSTICE HARRIS delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1   *Held*: The motion of the Office of the State Appellate Defender to withdraw as
defendant's appellate counsel is granted, and the trial court's dismissal of
defendant's *pro se* postconviction petition is affirmed.

¶ 2   Defendant, Josephus E. Seybold, appeals following the trial court's first-stage
dismissal of his *pro se* postconviction petition. On appeal, the Office of the State Appellate
Defender (OSAD) was appointed to represent defendant. OSAD has filed a motion to withdraw as
defendant's appellate counsel, arguing an appeal would be meritless. We grant OSAD's motion
and affirm the court's summary dismissal of defendant's postconviction petition.

¶ 3                                    I. BACKGROUND

¶ 4   On December 1, 2016, the State charged defendant with driving with a suspended
license (625 ILCS 5/6-303(a) (West 2016)). Later, the State amended the charge to driving with a

revoked license (*id.*). In the information, the State alleged that, at the time defendant committed this offense, his license was revoked as a result of a previous conviction for driving under the influence (625 ILCS 5/11-501 (West 2016)) and that defendant had previously been convicted of driving with a revoked or suspended license at least four times. Based on these allegations, the present offense was charged as a Class 4 felony.

¶ 5        Following a preliminary hearing, at which defendant was represented by the public defender, the trial court determined probable cause existed to believe that defendant had committed the offense. Following the preliminary hearing, defendant requested and received multiple continuances in order to retain private counsel, which he eventually did.

¶ 6        In May 2017, defendant waived his right to a jury trial. Following a bench trial in March 2018, defendant was found guilty of driving with a revoked license.

¶ 7        On May 10, 2018, a presentence investigation report (PSI) was filed. The PSI reported that defendant had previously been convicted of 4 felony offenses and 17 misdemeanor offenses, had been on probation at the time he committed the present offense, and had not spent any time in custody for the present offense. According to the PSI, defendant self-reported that he had been diagnosed with attention deficit/hyperactivity disorder, post-traumatic stress disorder, and bipolar disorder, and that his father had abused alcohol while defendant was growing up. The PSI additionally stated that defendant reportedly owned his own contracting business and had a positive relationship with most of his family members.

¶ 8        On November 8, 2018, the trial court conducted defendant's sentencing hearing. Neither party presented evidence at the sentencing hearing, instead relying on the PSI. Based on the arguments of counsel and on its own review of the PSI, the court determined "the aggravating factors greatly outweigh[ed] the mitigating factors" and that "a sentence of probation would

deprecate the serious nature of the charges and would be inconsistent with the ends of justice." Ultimately, the court sentenced defendant to two years and six months in prison to run consecutively to another prison sentence he was then serving.

¶ 9        On December 20, 2018, defendant *pro se* filed a motion to reconsider sentence. In his motion, defendant acknowledged that his filing was not timely but described that the delay was due to his difficulty in obtaining an address for the Livingston County courthouse. In the substantive portion of his motion, defendant generally alleged his sentence was excessive. Four days later, the trial court dismissed defendant's motion. In a docket entry, the court stated:

> "Court receives defendant's motion for reconsideration of sentence— motion not dated, nor any certificate of service as to when it was placed in the mail—defendant acknowledges motion not timely—this court no longer has jurisdiction since more than 30 days have elapsed since the judgment was entered— motion dismissed—docket to stand as order—clerk is directed to send a copy of this docket entry to defendant."

¶ 10        On September 23, 2019, defendant *pro se* filed a two-page document titled "Appeal of Circuit Clerk[']s Ruling," in which defendant argued the circuit clerk had erroneously denied his motion to reconsider sentence. In his filing, defendant additionally raised new claims of error. A few weeks later, the trial court made the following docket entry:

> "Clerk presents file with defendant[']s 'Appeal of Circuit Clerk's Ruling[.'] The pleading is unclear, contains no prayer for relief and is not signed as required. Therefore, the filing is stricken. Docket to stand as notice. Clerk is directed to send a copy of this docket entry to defendant."

¶ 11        On November 7, 2019, defendant *pro se* filed a petition for postconviction relief

pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). In his petition, defendant broadly claimed: (1) his right to appeal was "willfully denied" with "no cause," (2) his sentence was excessive, (3) the court failed to provide him transcripts of the underlying proceedings in accordance with Illinois Supreme Court Rule 471 (eff. Jan. 1, 1967), (4) he felt pressured to reject the State's plea offer due to personal circumstances, (5) the concept of "innocent until proven guilty [was] not totally clear at court," and (6) the court improperly imposed a public defender assessment and withheld certain monetary credits.

¶ 12        On February 4, 2020, the trial court dismissed defendant's postconviction petition. In a written order, the court found that defendant's petition did not "set[ ] forth even the gist of a constitutional claim" and determined that defendant's allegations were "frivolous and patently without merit."

¶ 13        On March 3, 2020, defendant *pro se* filed a document he titled "Appeal." In his filing, defendant repeated most of the allegations raised in his motion to reconsider sentence and in his postconviction petition and raised two new claims he had not previously asserted. The next day, in a docket entry, the trial court ordered the clerk to "file defendant's notice of appeal."

¶ 14        This appeal followed.

¶ 15        As stated, OSAD was appointed to represent defendant on appeal. In March 2021, OSAD filed a motion to withdraw as appellate counsel and filed a memorandum of law in support of its motion, explaining that "the appeal presents no potentially meritorious issues for review." Defendant was provided notice of OSAD's motion but did not provide a response thereto.

¶ 16        Following our review of the record, we grant OSAD's motion and affirm the trial court's judgment.

¶ 17                                II. ANALYSIS

- 4 -

¶ 18　　　　On appeal, OSAD filed a motion to withdraw as appellate counsel and a memorandum of law in support of the motion. In its filings, OSAD identifies two potentially meritorious issues for our consideration and explains why those issues are ultimately without merit. The potentially meritorious issues identified by OSAD are: (1) whether the trial court erred in treating defendant's "Appeal" as a notice of appeal instead of as a motion to reconsider and (2) whether the trial court erred in summarily dismissing defendant' postconviction petition. After reviewing the claims identified by OSAD and reviewing the record in its entirety, we agree with OSAD's conclusion that "the appeal presents no potentially meritorious issues for review."

¶ 19　　　　In its motion, OSAD first argues the trial court did not err in treating defendant's "Appeal" as a notice of appeal for purposes of Illinois Supreme Court Rule 606(a) (eff. July 1, 2017) instead of as a motion to reconsider its dismissal of his postconviction petition. Illinois Supreme Court Rule 606(a) (eff. July 1, 2017) provides that "[a]ppeals shall be perfected by filing a notice of appeal with the clerk of the trial court." The filing of a notice of appeal divests the trial court of jurisdiction to enter additional substantive orders in a case and vests jurisdiction in the appellate court. *People v. Kolzow*, 332 Ill. App. 3d 457, 459, 772 N.E.2d 903, 904 (2002).

¶ 20　　　　In characterizing a filing, we consider its content and not only the title or label asserted by its proponent. See *People v. Smith*, 371 Ill. App. 3d 817, 821, 867 N.E.2d 1150, 1154 (2007). Therefore, the fact that defendant titled his filing as "Appeal" is not dispositive. However, after reviewing the document as a whole, we agree with that characterization. In his filing, defendant indicated he was "appeal[ing] to [*sic*] the many court rulings and procedures." Throughout the document, defendant repeated the allegations he raised both in his motion to reconsider sentence and in his postconviction petition. He also raised new claims of error. At one point, in a section of his filing he styled "My Argument for Appeal," defendant wrote he filed the

document "in a request not upon deaf ears for the continual request of 'Motion to Reconsider' to be heard." Later, he wrote "I pray that this court sees my constant efforts to a proper 'Motion of Reconsideration.' " Considering defendant's filing in its entirety, we find that defendant did not intend the trial court to reconsider the dismissal of his postconviction petition but instead intended a different court—a court of "Appeal"—to consider anew all of the claims he had raised both in his motion to reconsider and in his postconviction petition. Therefore, we find the trial court did not err in treating defendant's "Appeal" as a notice of appeal instead of as a motion to reconsider the summary dismissal of his postconviction petition.

¶ 21          We also agree with OSAD's conclusion that the trial court did not err in summarily dismissing defendant's postconviction petition. "The Act provides a method by which any person imprisoned in the penitentiary may assert that his or her conviction was the result of a substantial denial of his or her rights under the United States Constitution or the Illinois Constitution or both." (Internal quotation marks omitted.) *People v. Johnson*, 2021 IL 125738, ¶ 22. "[A] postconviction proceeding is a collateral attack upon the prior conviction and affords only limited review of constitutional claims not presented at trial." (Internal quotation marks omitted.) *People v. Lee*, 2012 IL App (4th) 110403, ¶ 16, 979 N.E.2d 992. In noncapital cases such as this one, the Act contemplates a three-stage adjudicatory process. *Johnson*, 2021 IL 125738, ¶ 24. Here, defendant's petition was dismissed at the first stage of proceedings.

¶ 22          A proceeding under the Act is initiated when a person imprisoned in the penitentiary files a petition with the clerk of the court in which his conviction took place. 725 ILCS 5/122-1(b) (West 2018). "Section 122-2.1(a)(2) of the [Act] provides when a petitioner is sentenced to imprisonment, the trial court shall review the petition within 90 days of its filing and docketing and enter an order if it determines it is frivolous and without merit, dismissing the same."

*Lee*, 2012 IL App (4th) 110403, ¶ 16 (citing 725 ILCS 5/122-2.1(a)(2) (West 2010)). "A petition is frivolous or patently without merit if it has no arguable basis either in law or in fact." (Internal quotation marks omitted.) *Johnson*, 2021 IL 125738, ¶ 26. "A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation." (Internal quotation marks omitted.) *Id.* If the court finds that the petition is frivolous or patently without merit, it "shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision." 725 ILCS 5/122-2.1(a)(2) (West 2018). "At this initial stage of the proceeding, there is no involvement by the State." *People v. Tate*, 2012 IL 112214, ¶ 9, 980 N.E.2d 1100. If the petition survives this initial stage, it is advanced to the second stage for further proceedings.

¶ 23 We review *de novo* the trial court's first-stage dismissal of a defendant's postconviction petition. *People v. Palmer*, 2017 IL App (4th) 150020, ¶ 16, 74 N.E.3d 1198.

¶ 24 As OSAD correctly argues, the trial court's summary dismissal of defendant's postconviction petition complied with the Act's procedural requirements. Defendant's petition was filed on November 7, 2019, and the court dismissed the petition on February 4, 2020, within the 90-day time period set forth in the Act. See 725 ILCS 5/122-2.1(a) (West 2018). Moreover, the court's order finding defendant's petition "frivolous and patently without merit" was entered in writing and set forth the court's findings of fact and conclusions of law warranting dismissal, as required under section 122-2.1(a)(2) of the Act. *Id.* § 122-2.1(a)(2). Finally, the court dismissed defendant's petition after reviewing it independently, without any input from the State.

¶ 25 OSAD also correctly argues the trial court did not err in dismissing defendant's petition as frivolous and patently without merit. As stated above, in defendant's postconviction petition, he claimed: (1) his right to appeal was "willfully denied" with "no cause," (2) his sentence

- 7 -

was excessive, (3) the court failed to provide him transcripts of the underlying proceedings in accordance with Illinois Supreme Court Rule 471 (eff. Jan. 1, 1967), (4) he felt pressured to reject the State's plea offer due to personal circumstances, (5) the concept of "innocent until proven guilty [was] not totally clear at court," and (6) the court improperly imposed a public defender assessment and withheld certain monetary credits. We address each of defendant's claims in turn.

¶ 26    First, as argued by OSAD, defendant's claim that his right to appeal was "willfully denied" with "no cause" is meritless. As stated above, to perfect an appeal, a defendant must file a notice of appeal with the clerk of the trial court. Ill. S. Ct. R. 606(a) (eff. July 1, 2017). The notice of appeal must be filed "within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." Ill. S. Ct. R. 606(b) (eff. July 1, 2017). Additionally, if a defendant wishes to challenge the correctness of his sentence or any other aspect of his sentencing hearing on appeal, he must first file a motion to reconsider sentence in the trial court within 30 days following the imposition of his sentence. 730 ILCS 5/5-4.5-50(d) (West 2016). "A motion not filed within that 30-day period is not timely." *Id.*; see also *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 40, 944 N.E.2d 337, 389 (2011) ("Generally, a circuit court loses jurisdiction to vacate or modify its judgment 30 days after entry of judgment."). Here, defendant failed to file a notice of appeal within 30 days of the date the court entered his sentence. Although defendant did file a motion to reconsider sentence, that motion was untimely as it was not filed until December 20, 2018, which was 42 days after the date the court entered defendant's sentence. We acknowledge that, in his postconviction petition, defendant claims that he mailed his motion to reconsider sentence on December 10, 2018, but even if this is true, that date is still beyond the 30-day time limit. Therefore, the filing of that motion did not serve to toll the 30-day time limit for the filing

- 8 -

of a notice of appeal. To the extent it could be argued defendant's "Appeal of Circuit Clerk[']s Ruling" qualified as a notice of appeal, it was untimely, being filed almost nine months after the court dismissed defendant's motion to reconsider sentence. In summary, defendant's right to appeal was not "willfully denied" but was forfeited by his own inaction.

¶ 27       Defendant also argued in his postconviction petition that his sentence was excessive. As indicated above, postconviction proceedings under the Act are only appropriate to address violations of a defendant's constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2018). "[W]here the sentence imposed is within the statutory limits prescribed for the offense of which the defendant is convicted, the issue of sentence excessiveness does not involve a constitutional question." *People v. Rife*, 18 Ill. App. 3d 602, 610, 310 N.E.2d 179, 186 (1974). Therefore, "[t]he alleged excessiveness of a sentence that is within statutory limits does not create a constitutional issue that may serve as the basis for postconviction relief." *People v. Rademacher*, 2016 IL App (3d) 130881, ¶ 37, 59 N.E.3d 12; see also *People v. Ballinger*, 53 Ill. 2d 388, 390, 292 N.E.2d 400, 401 (1973). Defendant was convicted of driving on a revoked license (625 ILCS 5/6-303(a) (West 2016)). Because defendant had previously been convicted of this offense at least three times, and because, at the time of the offense, his license was revoked for a violation of section 11-501 of the Illinois Vehicle Code (625 ILCS 5/11-501 (West 2016)), the offense qualified as a Class 4 felony. See *id.* § 6-303(d-3). A Class 4 felony carries a potential term of imprisonment of between one and three years. 730 ILCS 5/5-4.5-45(a) (West 2016). Defendant's sentence to two years and six months in prison is within the permissible statutory range. Therefore, defendant's excessive sentence claim did not raise a constitutional question and could not be raised in a postconviction petition under the Act.

¶ 28       Defendant next asserted that he rejected the State's plea offer and decided to

proceed to trial due to personal circumstances. He states that he elected to "go to trial to Attempt Probation" due to the "hardship" of "having a newborn child to take care of" and the "urgency to satisfy DCFS." But for these conditions, defendant claims he would have "taken the State's offer of [one year] at 50%." As noted by OSAD, defendant does not claim he wanted to plead guilty or that he was denied the opportunity to do so. For these reasons, we agree with OSAD that defendant's allegations do not raise a claim of error but only "explain[ ] why [defendant] made the decision that he did."

¶ 29       Additionally, defendant claimed the trial court failed to provide him transcripts of the underlying proceeding in this case as required under Illinois Supreme Court Rule 471 (eff. Jan. 1, 1967). Rule 471 provides:

> "If a petition filed under the [Act] *** alleges that the petitioner is unable to pay the costs of the proceeding, the trial court may order that the petitioner be permitted to proceed as a poor person and order a transcript of the proceedings resulting in the conviction delivered to petitioner ***." Ill. S. Ct. R. 471 (eff. Jan. 1, 1967).

Rule 471 clearly only applies *after* defendant has filed his petition for postconviction relief. Therefore, the trial court could not have failed to comply with Rule 471 by failing to provide defendant a transcript before he filed his petition. We note that, like Rule 471, section 122-4 of the Act (725 ILCS 5/122-4 (West 2018)) contains a provision permitting the trial court to order a transcript of proceedings for an indigent defendant and that, again like Rule 471, this provision only applies after a defendant has filed his postconviction petition. See *People v. Salgado*, 353 Ill. App. 3d 101, 105, 817 N.E.2d 1079, 1083 (2004) ("[T]ranscripts must be provided to an indigent defendant on direct appeal [citations], but it is within the circuit court's discretion whether to

provide a petitioner transcripts during the initial stage of postconviction proceedings.").

¶ 30        Defendant next claims that the concept of "innocent until proven guilty [was] not totally clear at court." This claim is refuted by the record. At the conclusion of defendant's preliminary hearing, the trial court informed him that, during the upcoming proceedings, he was "presumed innocent" and "ha[d] the right to make the State prove the charges against [him] beyond a reasonable doubt." In response to the court's questioning, defendant stated that he did not have any questions about this right.

¶ 31        The last claims raised by defendant in his postconviction petition concern the imposition of a public defender assessment and certain monetary credits. First, defendant claims the court improperly imposed a public defender reimbursement assessment. Defendant also seems to claim the court erred by failing to credit him $5 per day towards the fines imposed by the court. Neither of these claims raises a violation of defendant's constitutional rights, and so neither is cognizable under the Act. See *People v. Little*, 335 Ill. App. 3d 1046, 1055, 782 N.E.2d 957, 965-66 (2003) ("The issue raised by defendant involves a matter created by statute involving the payment of costs and fees. This court has held that such statutorily created matters do not constitute a deprivation of federal or state constitutional rights and, thus, are not cognizable under the Act." (Internal quotation marks omitted.)). Even if defendant's claims were cognizable, they are rebutted by the record. Defendant's claim that the court improperly imposed a public defender reimbursement assessment is refuted by the court's financial sentencing order which shows the court did not impose such an assessment. Additionally, while defendant is correct that at the time of his sentencing hearing, a person incarcerated on a bailable offense who did not supply bail and against whom a fine was levied on conviction of the offense was eligible for a credit of $5 per day for each day he was so incarcerated (725 ILCS 5/110-14(a) (West 2016)), the record shows

defendant was not in custody for this offense until the date of his sentencing hearing and so was not entitled to any credit.

¶ 32　　　　Finally, we acknowledge that defendant raised two new claims of error in the "Appeal." However, as noted by OSAD, under the Act "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is [forfeited]." *Id.* § 122-3. Because defendant did not advance these claims in his initial postconviction petition or in an amended petition, the claims have been forfeited for review. See, *e.g.*, *People v. Vilces*, 321 Ill. App. 3d 937, 939-40, 748 N.E.2d 1219, 1222 (2001) (finding that claims of a constitutional violation raised for the first time in a motion to reconsider the dismissal of a postconviction petition had been forfeited).

¶ 33　　　　In conclusion, we agree with OSAD's determination that no meritorious argument can be raised on defendant's behalf on appeal, and we grant OSAD leave to withdraw as defendant's appellate counsel.

¶ 34　　　　　　　　　　　　　III. CONCLUSION

¶ 35　　　　For the reasons stated, we grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 36　　　　Affirmed.