No. 25096

The People of the State of Colorado v. People of the State of
Colorado, in the Interest of G.L.T., a Minor
(493 P.2d 20)

Decided January 31, 1972.

Jarvis W. Seccombe, District Attorney, Coleman M. Con-
nolly, Deputy, Silvana Del Piccolo, Deputy, for petitioner-
appellee.

Gertrude A. Score, for respondent-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the
Court.

The appellant, G.L.T., was adjudicated a juvenile
delinquent by the Juvenile Court after a jury found that an

act of malicious mischief against him was proved. The Juvenile Court ordered that he be placed in the Denver Juvenile Hall on a school program for a 60-day period; that the reading program he was engaged in be continued; that the Denver child welfare division make an evaluation of the appellant for possible placement at La Junta Boys Ranch; and that he be placed on probation in accordance with the terms and conditions of probation on file in this case. Pending appeal, this judgment and these orders were stayed.

Appellant challenges, on this appeal, the above described judgment, including the propriety and legality of the Juvenile Court's imposition of a two-year stay at the La Junta Boys Ranch in the event the ordered evaluation would justify and recommend this disposition, and in the further event, that the La Junta Boys Ranch accepted the applicant at its facility.

The opening and reply briefs filed on behalf of the appellant are difficult to comprehend. The issues seemingly presented on this appeal are supported for the most part by frivolous argument. Much argument is devoted to the alleged illegality and impropriety of a judgment imposing a two-year sentence at the La Junta Boys Ranch. The record before us, however, clearly reflects that no such judgment was imposed. The evaluation which was ordered was to be the basis upon which the Juvenile Court would have made a final determination as to whether this juvenile should be placed in the La Junta Boys Ranch or at some other facility. Conceivably, on the basis of the evaluation, the Juvenile Court might have entered a disposition which in no way involved any restriction upon this juvenile's personal liberty.

Furthermore, the record before us on this appeal fails to even indicate the duration of commitment to the La Junta Boys Ranch in the event the evaluation requested by the Juvenile Court recommended such commitment. In this respect, counsel for appellee stated on oral argument that if G.L.T. were sent to the La Junta Boys Ranch, it would be for a maximum of two years with provision for review of his progress at six-month intervals.

The so-called judgment and orders of the Juvenile Court from which this appeal was taken do not constitute a final judgment and this case is therefore improperly before us on appeal. C.A.R. 1(a)(1).

This court on its own motion orders that this appeal be dismissed.

Appeal dismissed.