**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Gregory D. THOMAS, Defendant–**
**Appellant.**

No. 04CA0498.

Colorado Court of Appeals,
Division IV.

June 2, 2005.

John W. Suthers, Attorney General, John D. Seidel, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Gregory D. Thomas, Pro Se.

Opinion by Judge LOEB.

Defendant, Gregory D. Thomas, appeals the trial court's order denying him free trial transcripts for the purpose of preparing a Crim. P. 35(c) motion. Defendant also appeals the trial court's order denying his motion for appointment of counsel. Because we conclude that the trial court's orders are not final appealable orders, we dismiss this appeal.

Following a jury trial, defendant was convicted of aggravated robbery, second degree assault, and theft. The jury also concluded that violence accompanied the aggravated robbery and second degree assault.

The parties entered into a sentencing agreement in which seven pending habitual criminal counts would be dismissed in exchange for defendant's affirmation of his guilt, stipulation to a forty-eight year sentence, and agreement that if he ever sought appellate review or any other review of his conviction, the habitual criminal counts would be reinstated. On December 9, 1999, the trial court accepted the sentencing agreement, dismissed the habitual criminal counts, and sentenced defendant to thirty-two years on the aggravated robbery charge and sixteen years on the second degree assault charge, which were to run consecutively.

Despite the sentencing agreement, defendant appealed. On January 27, 2002, a division of this court affirmed defendant's conviction. Defendant's petition for certiorari was denied, and a mandate issued on June 24, 2002.

On January 24, 2003, defendant filed a motion entitled "Motion For Transcripts At States Expense Post Conviction 35(c) Proceeding." Defendant then filed a second motion for loan of transcripts on July 16, 2003, which the trial court denied. Although the trial court granted defendant's January 24, 2003 motion for transcripts on September 11, 2003, it vacated such order on January 6, 2004 on the grounds that more than three years had passed since defendant's date of conviction and, therefore, defendant was precluded from bringing a Crim. P. 35(c) claim,

which made review of the transcripts unnecessary. Defendant filed a motion for reconsideration, which the trial court denied by notation on February 2, 2004.

On February 10, 2004, defendant filed a motion entitled "Motion For Appointment Of Conflict–Free Counsel. Pursuant to C.R.S. 16–3–403." The trial court denied the motion by notation on February 20, 2004, explaining that there were no pending motions by defendant. This appeal followed.

I.

Defendant contends that the trial court abused its discretion by denying his motion for transcripts on the basis that the three-year period of limitations for postconviction review had expired when the limitations period actually had not expired. We conclude that the court's order was not a final appealable order.

A defendant does not have a constitutional right to a free transcript to search for errors to raise in a collateral attack. *Jurgevich v. Dist. Court*, 907 P.2d 565, 567 (Colo.1995). In order to obtain a free transcript, a defendant must demonstrate that he or she may be entitled to relief under Crim. P. 35(c) and that the record might contain specific facts that would substantiate any alleged errors. *People v. Manners*, 878 P.2d 71, 72 (Colo.App.1994).

Pursuant to C.A.R. 1, an appeal may be prosecuted only from a final appealable order. *People v. People in Interest of G.L.T.*, 177 Colo. 196, 493 P.2d 20 (1972). A final appealable order is one that effectively terminates the proceedings in the court below and is a jurisdictional prerequisite to appellate review. *People v. Proffitt*, 865 P.2d 929 (Colo.App.1993).

Here, defendant filed a motion for loan of transcripts. Nothing in the record shows that the trial court treated defendant's motion as filed under Crim. P. 35(c). On the contrary, the trial court ruled only on the necessity of providing transcripts, rather than the actual merits of any substantive claim. Although the court erroneously indicated that a postconviction motion would be time barred, there was no postconviction mo-

tion before the trial court. Furthermore, the trial court's order does not preclude defendant from bringing a Crim. P. 35(c) motion. Accordingly, the order denying the use of transcripts to prepare a Crim. P. 35(c) motion is not a final appealable order under C.A.R. 1 because it did not terminate the proceedings. *See Pumphrey v. State of Delaware*, 795 A.2d 667 (Del.2002) ("The denial of a motion for transcripts at state expense ... is not a final appealable order, nor is it appealable as a collateral order before the entry of a final order on any postconviction motion."); *People v. Salgado*, 353 Ill.App.3d 101, 288 Ill.Dec. 429, 817 N.E.2d 1079 (2004) (because the denial of a request for free transcripts is not an appealable order, appellate court has no jurisdiction, and appeal must be dismissed). *See also Jurgevich v. Dist. Court, supra* (in original proceeding in the supreme court, holding that the district court did not abuse its discretion in denying motion for a free transcript).

We note that our conclusion here does not leave a defendant without avenues to obtain appellate review of a trial court's denial of a request for free transcripts. A defendant may combine such a request with a contemporaneously filed Crim. P. 35 motion, which, if denied by the trial court, would be a final appealable order, and the court's denial of the free transcripts could also then be asserted as an additional error on appeal. Alternatively, a defendant, as in *Jurgevich*, may request relief from the supreme court in an original proceeding.

## II.

■ Defendant also contends that the trial court erred in denying his motion for appointment of counsel. Because we conclude that the order denying defendant's motion for appointment of counsel is also not a final appealable order, we lack jurisdiction to address the merits of this issue. *See Jurgevich v. Dist. Court, supra; People v. Salgado, supra.* As with a motion for free transcripts, a defendant may file a Crim. P. 35(c) motion and obtain review of a refusal to appoint

counsel in appealing the denial of a Crim. P. 35(c) motion on the merits.

The appeal is dismissed.

Judge CASEBOLT and Judge RUSSEL concur.