The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Dwight D. DAVIS, Defendant–Appellant.

No. 05CA2665.

Colorado Court of Appeals,
Div. V.

Jan. 10, 2008.

John W. Suthers, Attorney General, Christine C. Brady, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Lindsey Webb, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge GRAHAM.

Defendant, Dwight D. Davis, appeals a trial court order denying his motion to show cause. We dismiss the appeal and remand the case for correction of the mittimus to reflect the restitution order.

Defendant pleaded guilty in 1994 to aggravated robbery and crime of violence and was sentenced to twelve years in the Department of Corrections (DOC), to be served concurrently with a sentence imposed in another case. According to the mittimus, no restitution was ordered. About eighteen days after entry of the judgment of conviction and sentence, a restitution order was filed. The mittimus was not revised to reflect that order.

In October 2004, the DOC began withholding twenty percent of the deposits into defendant's inmate account to apply toward payment of the costs he had been ordered to pay pursuant to the restitution order.

In September 2005, defendant wrote a letter to the trial court, asking for assistance in obtaining information regarding why the DOC was withholding money from his account when restitution was not imposed as part of his sentence and not reflected on the mittimus.

In October 2005, defendant filed a motion for an order to show cause why the DOC had begun garnishing his account in light of the fact that no restitution had been ordered. The trial court concluded that, because the "file contains a restitution order dated February 28, 1994," defendant's allegation that no restitution was ordered was without merit. Accordingly, the trial court denied defendant's motion.

▇▇▇ On appeal, defendant contends that the restitution order increased his sentence after he had begun to serve it and, thus, violated double jeopardy principles and that the trial court violated his due process right to be present at sentencing when it entered the restitution order in his absence. We conclude that the trial court's order on the motion to show cause was not a final appealable order and, therefore, we do not reach the merits of defendant's claims.

▇▇▇ Pursuant to C.A.R. 1, an appeal may be prosecuted only from a final appealable order. *People v. Thomas*, 116 P.3d 1284, 1285 (Colo.App.2005). A final appealable order is one that effectively terminates the proceedings in the court below and is a jurisdictional prerequisite to appellate review. *Id.*

Here, defendant's motion challenged the right of the DOC to withhold money from his account when restitution was not imposed as part of his sentence and the mittimus did not reflect a restitution order. The motion sought only to compel the DOC to show why it was garnishing defendant's account. The trial court ruled that the motion was "without merit" because "[t]he file contains a restitution order entered February 28, 1994." Nothing in the record shows that the trial court treated defendant's motion as having been filed under Crim. P. 35. On the contrary, the trial court ruled only that there was no merit to the show cause motion; the court did not rule on any substantive claim regarding the propriety of the restitution order. Accordingly, the motion was not a substantive postconviction motion, and the order "denying" it is not a final appealable order. *See id.*

▇▇▇ Because defendant's challenges are to the constitutionality of his sentence, he should have filed a timely Crim. P. 35 motion. Allegations that a sentence is unconstitutional must be brought in a Crim. P. 35 motion. However, in the event a defendant can establish that his sentence is illegal, he may raise a claim at any time under Crim. P. 35(a). *See People v. Smith*, 121 P.3d 243, 251 (Colo. App.2005) (the original sentence was illegal because it did not include a determination of restitution as required by statute, and therefore the trial court was free to correct the illegal sentence at any time without implicating defendant's right to be free from double jeopardy).

Crim. P. 35(c)(2) provides that an application for postconviction review must allege one or more of the following grounds:

(I) That the conviction was obtained or sentence imposed in violation of the Constitution or laws of the United States or the constitution or laws of this state;

(II) That the applicant was convicted under a statute that is in violation of the Constitution of the United States or the constitution of this state, or that the conduct for which the applicant was prosecuted is constitutionally protected;

(III) That the court rendering judgment was without jurisdiction over the person of the applicant or the subject matter;

. . . .

(V) That there exists evidence of material facts, not theretofore presented and heard, which, by the exercise of reasonable diligence, could not have been known to or learned by the defendant or his attorney prior to the submission of the issues to the court or jury, and which requires vacation of the conviction or sentence in the interest of justice;

(VI) Any grounds otherwise properly the basis for collateral attack upon a criminal judgment; or

(VII) That the sentence imposed has been fully served or that there has been unlawful revocation of parole, probation, or conditional release.

In 2004, Crim. P. 35(c) was amended in part by the addition of subsection 3, which requires that all postconviction motions either be filed on Form 4 or substantially comply with Form 4. *See* Crim. P. 35(c)(3)(II)-(IV). Form 4 is a standardized document that appears in the appendix to the Colorado Rules of Criminal Procedure. It requires certain minimum information about the conviction appealed and the claims asserted to be contained in a Crim. P. 35(c) motion. *See People v. Stanley,* 169 P.3d 258, 260 (Colo.App.2007).

Therefore, defendant should have filed a Crim. P. 35 motion to challenge the constitutionality of his sentence and followed the Crim. P. 35 rules regarding postconviction motions. Because he failed to file such a motion, there is no order resolving a postconviction motion that can be appealed. He cannot, through argument of counsel, transform his motion to show cause into a postconviction motion.

In *People v. Lowe,* 60 P.3d 753 (Colo.App. 2002), the authority of the DOC under the Restitution Act was adjudicated under a motion to show cause. In that case, the defendant filed a motion for an order to show cause, arguing that the DOC was not entitled to withhold money from his account because he had not been ordered to pay restitution. Unlike here, the defendant was not challenging the constitutionality of his sentence, but rather the actions of the DOC under the Restitution Act. Therefore, Lowe was in a different posture from this case. In any event, *Lowe* did not hold that the denial of a show cause order can be appealed. Thus, *Lowe* does not change our decision here.

The appeal is dismissed, and the case is remanded for correction of the mittimus to reflect the restitution order.

Judge LOEB and Judge ROMÁN concur.