23CA2066 Peo v Valdovinos Cardenas 04-17-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA2066
Eagle County District Court No. 21CR141
Honorable Rachel J. Olguin-Fresquez, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jose Guadalupe Valdovinos Cardenas,

Defendant-Appellant.

---

APPEAL DISMISSED

Division IV
Opinion by JUDGE MEIRINK
Freyre and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 17, 2025

---

Philip J. Weiser, Attorney General, Austin R. Johnston, Assistant Attorney General, Leo T. Nguyen, Assistant Attorney General Fellow, Denver, Colorado, for Plaintiff-Appellee

Defiance Law Firm, Peter A. Rachesky, Lara L. Horst, Glenwood Springs, Colorado, for Defendant-Appellant

¶ 1     Defendant, Jose Guadalupe Valdovinos Cardenas, appeals the district court's order directing the parties to set a hearing regarding his "Motion to Correct Illegal Sentence." Because we conclude that the district court's order is not a final appealable order, we dismiss the appeal.

## I.     Background

¶ 2     As part of a global disposition resolving three cases, Valdovinos Cardenas pleaded guilty in this case to child abuse and attempted unlawful sexual contact. The plea agreement stipulated that in exchange for his guilty plea, the remaining counts would be dismissed. As part of his agreement, Valdovinos Cardenas acknowledged, "I understand that all charges dismissed as part of any plea bargain can be considered for restitution and sentencing purposes." However, at the time of the plea colloquy, the parties informed the court that they "do not have a stipulation regarding any restitution that may be owed to [the victim]" and if they "are unable to reach a stipulation by the time of sentencing, they will request a restitution hearing."

¶ 3     At the sentencing hearing, the prosecution informed the district court that the parties were "unable to reach a stipulated

restitution amount for the lost wages of [the victim]," which stemmed from one of the dismissed counts. The prosecution requested that the court "find that there is restitution in this case," allow "two weeks to file a motion for restitution," and then "set this matter for a restitution hearing . . . within 90 days of today's date." Defense counsel objected "to a determination that there is restitution regarding withheld wages" and likewise requested a hearing.

¶ 4 Based on this record, the district court found "[t]here is restitution" and granted the prosecution fourteen days to file a restitution request and the defense fourteen days to respond. The court explained that this would "giv[e] the parties a chance to resolve [this] matter without a hearing. But if we do need a hearing, we'll get that set."

¶ 5 Twenty-one days later the prosecution filed a motion requesting $198,744 in restitution for the victim's lost wages. Valdovinos Cardenas did not object. Sixteen days later, having received no objection, the district court ordered restitution to the victim in the amount requested (the June order).

¶ 6      Valdovinos Cardenas did not appeal the June order.  However, approximately three months after the June order was entered, he filed a "Motion to Correct Illegal Sentence" requesting the district court to vacate the June order based on "the untimely Motion of the People," or, alternatively, to set an evidentiary hearing.  The district court granted the motion in part, ordering that the matter be set for a restitution hearing (the August order).  In the August order, the court noted that while "[r]estitution was ordered within the statutory time frames . . . a hearing to determine the exact amount, whether that results in zero or another amount is appropriate."

¶ 7      Before a hearing was set, Valdovinos Cardenas filed a "Brief in Support of Objection to Restitution" additionally asserting that he had not agreed to pay restitution for the dismissed charges.  The prosecution filed a response, and the district court issued an order on October 12, 2023 reiterating its earlier ruling that Valdovinos Cardenas was entitled to a restitution hearing and instructing defense counsel to contact the court to "set the matter for an evidentiary hearing" and ordering that the hearing occur "within the next 28 days."  On October 31, 2023, the court issued a notice of evidentiary hearing, setting a hearing for December 8, 2023.

However, before the restitution hearing was held, Valdovinos Cardenas filed a notice of appeal with this court seeking to appeal the district court's October ruling.

## II. Analysis

¶ 8 Valdovinos Cardenas alleges that the district court erred when it ordered restitution for a dismissed charge and that the prosecution and the court failed to comply with their various statutory obligations under section 18-1.3-603, C.R.S. 2024. Because we agree with the People that the district court's October order was not a final appealable order, however, we dismiss the appeal.

¶ 9 Pursuant to C.A.R. 1, an appeal may be prosecuted only from a final appealable order. "A final appealable order is one that effectively terminates the proceedings in the court below and is a jurisdictional prerequisite to appellate review." *People v. Thomas*, 116 P.3d 1284, 1285 (Colo. App. 2005).

¶ 10 The district court's October ruling, although titled an order, did not deny any specific relief. *See People v. Curren*, 228 P.3d 253, 257 (Colo. App. 2009) (a final judgment ends the particular action, leaving nothing further for the pronouncing court to do to

completely determine the involved parties' rights).  Additionally, the court's instructions to defense counsel to "contact the court and set the matter for an evidentiary hearing," as well as its notification to the parties to hold an evidentiary hearing on December 8, suggest a lack of finality.  Accordingly, because the October order did not terminate the proceedings, it is not a final appealable order.  And without a final order before us, we lack jurisdiction to address any of the claims raised in Valdovinos Cardenas's opening brief.  *See Thomas*, 116 P.3d at 1285.  Therefore, we dismiss the appeal.

### III.    Disposition

¶ 11    The appeal is dismissed.

JUDGE FREYRE and JUDGE GOMEZ concur.