NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2019 IL App (4th) 170773-U

NO. 4-17-0773

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 3, 2019
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| JEREMY L. GARRETT, | ) | No. 16CF1597 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE HOLDER WHITE delivered the judgment of the court. Justices Turner and Harris concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We grant appellate counsel's motion to withdraw and affirm the trial court's summary dismissal of defendant's postconviction petition.

¶ 2     This case comes to us on the motion of the Office of the State Appellate Defender (OSAD) to withdraw as counsel on appeal on the ground no meritorious issues can be raised in this case. For the following reasons, we grant OSAD's motion and affirm the trial court's judgment.

¶ 3                              I. BACKGROUND

¶ 4     On November 16, 2016, the State charged defendant, Jeremy L. Garrett, by information with aggravated home repair fraud (815 ILCS 515/5 (West 2014)) (count I). On March 13, 2017, the State also charged defendant with theft of property having a value

exceeding $500 (720 ILCS 5/16-1(a)(1)(A) (West 2014)) (count II). On March 17, 2017, pursuant to an open plea agreement with the State, defendant pleaded guilty to the theft charge in exchange for the State's dismissal of count I. At the plea hearing, the trial court admonished defendant as follows:

> "THE COURT: Now this is a Class 3 felony. That means you could be sent to prison for not less than 2 nor more than 5 years, an extended term could take you out to a 10 year maximum, followed by a period of mandatory supervised release of 1 year with a maximum fine of up to $25,000. So you understand these are the maximum penalties.
>
> [DEFENDANT]: Yes."

The State also dismissed the pending charges against defendant in Champaign County case Nos. 16-CF-1608, 16-CM-1010, and 16-CF-1162, as well as petitions to revoke defendant's community-based sentences in Champaign County case Nos. 15-CF-1658 and 14-CF-1751.

¶ 5        On May 2, 2017, the trial court sentenced defendant to nine years in prison. Defendant did not file a motion to withdraw his guilty plea, a motion to reconsider his sentence, or a notice of appeal.

¶ 6        On August 4, 2017, defendant filed a petition for postconviction relief under the Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 to 122-7 (West 2016)). Defendant also filed two motions, which were attached to the petition, titled "Motion of Ineffective Counsel" and "Motion to Reconsider." In the "Motion of Ineffective Counsel," defendant alleged:

> "1. Defendant's counsel failed to properly represent their interest by refusing to appear in court on mandated dates and times.

2. Defendant's counsel failed to communicate effectively the status of the case, evidence against them, or even what the possible sentence the defendant faced if found guilty.

3. Defendant's counsel took advantage of a senior citizen looking to help her son. She was misled to believe there were no other options.

4. Defendant's counsel, to date, has yet to return any correspondence, nor have they returned any of the funds paid.

5. Due to lack of competent representation, defendant has been injured."

In his "Motion to Reconsider," defendant again alleged he was provided ineffective assistance of counsel. Defendant also alleged:

"2. Defendant affirms the stance that the sentence imposed was unduly excessive. Being sentenced to nine years on a Class 3 felony with no prior felony convictions is severe.

3. At the time of this filing, defendant has not been able to reach counsel, therefore is without knowledge of even the agreement signed in open court.

4. Defendant suffers from learning disabilities which make him borderline functionally illiterate. Defendant's counsel was aware of this and failed to aid him in any way in understanding.

5. Defendant may have been a victim of a scam perpetrated by his attorney. An [Attorney Registration and Disciplinary Commission (ARDC)] investigation is active and pending."

In the postconviction petition, defendant reiterated his above claims and requested the court reduce his sentence to "a more appropriate range, such as 4 years."

¶ 7    On August 11, 2017, the trial court entered a written order dismissing defendant's postconviction petition as frivolous and patently without merit. The order stated:

"At [defendant's] sentencing hearing, numerous witnesses were called by the State that indicated that [defendant] was engaged in other criminal activity. That testimony as well as [defendant's] prior criminal record resulted in a nine year sentence to the Illinois Department of Corrections. The Court was also presented with the mitigation as set forth in [defendant's] petition.

His claim of fraud by counsel or ineffective assistance of counsel is not supported by affidavit. [Defendant's] attorney did well considering the avalanche of aggravating evidence presented at the sentencing hearing."

¶ 8    On August 27, 2017, defendant placed a notice of appeal in the institutional mail at the Vandalia Correctional Center. However, defendant failed to include the circuit clerk or state's attorney's address on his proof of service. The circuit clerk file-stamped the notice of appeal on October 10, 2017. The circuit clerk filed a second notice of appeal on October 20, 2017, and the court appointed OSAD to represent defendant. The same day, this court entered an order finding the notice of appeal to be deficient. See Ill. S. Ct. R. 606(b) (eff. July 1, 2017). We conditionally granted the notice of appeal. See Ill. S. Ct. R. 303(b)(5) (eff. July 1, 2017). On January 12, 2018, defendant filed a motion for leave to file a late notice of appeal, which we allowed.

¶ 9    In April 2019, OSAD filed a motion for leave to withdraw as counsel on appeal, asserting no meritorious issue could be raised in this case. The record shows service on defendant. On its own motion, this court granted defendant leave to respond to OSAD's motion

on or before May 29, 2019. Defendant did not do so. After examining the record, we grant

OSAD's motion and affirm the trial court's judgment.

¶ 10                                    II. ANALYSIS

¶ 11            OSAD argues it can make no colorable argument to support defendant's

contention that the trial court erred in dismissing his petition for postconviction relief. In its

motion to withdraw, OSAD raises four potential issues for our review: (1) procedural error,

(2) ineffective assistance of trial counsel, (3) fraud by trial counsel, and (4) excessive sentence.

¶ 12                               A. Summary Dismissal

¶ 13            The Postconviction Act provides a mechanism for a criminal defendant to

challenge his conviction or sentence based on a substantial violation of federal or state

constitutional rights. *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1075 (2010).

Proceedings under the Postconviction Act are collateral in nature and not an appeal from the

defendant's conviction or sentence. *People v. English*, 2013 IL 112890, ¶ 21, 987 N.E.2d 371.

Once a defendant files a petition for postconviction relief, the trial court may, during this first

stage of the proceedings, enter a dismissal order within 90 days if it finds the petition is

"frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2014). The court must

make this determination without any input from the State. *People v. Gaultney*, 174 Ill. 2d 410,

418, 675 N.E.2d 102, 106 (1996). Here, the trial court docketed defendant's petition on August

4, 2017, and summarily dismissed the petition without input from the State on August 11, 2017,

within the 90-day limit. Thus, the trial court followed the proper procedure in summarily

dismissing defendant's postconviction petition.

¶ 14            Upon review of the court's first-stage dismissal, we examine whether the

defendant's petition sets forth the gist of a constitutional claim. *People v. Edwards*, 197 Ill. 2d

239, 244, 757 N.E.2d 442, 445 (2001). A petitioner need only present a limited amount of detail and is not required to include legal arguments or citations to legal authority. *Id.* at 244-45. "A *pro se* petitioner is not excused, however, from providing any factual detail whatsoever on the alleged constitutional deprivation." *People v. Brown*, 236 Ill. 2d 175, 184, 923 N.E.2d 748, 754 (2010). "A claim completely contradicted by the record is an example of an indisputably meritless legal theory" appropriately dismissed at the first stage of postconviction proceedings. *Id.* at 185. Our review is *de novo*. *People v. Collins*, 202 Ill. 2d 59, 66, 782 N.E.2d 195, 198 (2002).

¶ 15                        B. Ineffective Assistance of Counsel

¶ 16        OSAD asserts it can make no colorable argument in support of defendant's claim of ineffective assistance of trial counsel. To demonstrate ineffective assistance of counsel, a defendant must show (1) counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance resulted in prejudice to the defendant such that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). If a defendant fails to prove either prong of the *Strickland* test, his claim for ineffective assistance of counsel must fail. *People v. Sanchez*, 169 Ill. 2d 472, 487, 662 N.E.2d 1199, 1208 (1996).

¶ 17        In the context of postconviction proceedings, "a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *People v. Hodges*, 234 Ill. 2d 1, 17, 912 N.E.2d 1204, 1212 (2009).

¶ 18        First, defendant's claim that counsel refused "to appear in court on mandated dates and times," is positively rebutted by the record. Defendant does not identify any specific

- 6 -

court dates where counsel failed to appear, and the record shows defense counsel appeared at defendant's arraignment on March 6, 2017, his plea hearing on March 17, 2017, and his sentencing hearing on May 2, 2017. Neither does defendant adequately support his claims that counsel failed to "communicate effectively the status of the case, evidence against [him], or even what the possible sentence the defendant faced if found guilty," and that defendant was "without knowledge of even the agreement signed in open court." Defendant does not identify what evidence counsel failed to show him or how that affected his decision to plead guilty in this case. Furthermore, defendant was present at his plea hearing, where the State presented the terms of the open plea agreement. Defendant agreed that he understood the maximum penalties he faced in this case and which charges would be dismissed pursuant to the agreement. Finally, defendant does not support his contention that defense counsel failed "to return any correspondence" and "any of the funds paid." Defendant does not identify any specific correspondence to which counsel did not respond and does not explain how these alleged failures impacted the outcome of his case. Accordingly, we agree with OSAD that any argument that defendant received ineffective assistance of counsel would be meritless.

¶ 19                                    C. Fraud

¶ 20        OSAD additionally asserts that any argument trial counsel committed fraud would be meritless. Defendant's claims that he "may have been a victim of a scam perpetrated by his attorney," and that counsel "took advantage of a senior citizen looking to help her son," fail to present the gist of a constitutional claim. Defendant does not specify any actions trial counsel took to defraud him, and it is unclear whom defense counsel allegedly "took advantage of." Neither does defendant's statement that an "ARDC investigation is active and pending" support any claim of fraud. Finally, defendant does not articulate how the alleged fraud impacted his

decision to plead guilty or the sentence he received. Defendant fails to provide "any factual detail whatsoever on the alleged constitutional deprivation," and, therefore, we agree with OSAD that any claim that counsel committed fraud would be meritless. *Brown*, 236 Ill. 2d at 184.

¶ 21                                    D. Excessive Sentence

¶ 22        OSAD additionally asserts that any argument defendant's sentence was excessive would be meritless. First, a claim that a sentence is excessive is not cognizable under the Postconviction Act. *People v. Ballinger*, 53 Ill. 2d 388, 390, 292 N.E.2d 400, 401 (1973). Specifically, when a defendant's sentence is within the limits prescribed by statute, it "does not create a constitutional issue that may serve as the basis for postconviction relief." *People v. Rademacher*, 2016 IL App (3d) 130881, ¶ 37, 59 N.E.3d 12.

¶ 23        Here, defendant pleaded guilty to the Class 3 felony of theft and was eligible for extended-term sentencing due to his prior convictions. Section 5-4.5-40 of the Unified Code of Corrections (730 ILCS 5/5-4.5-40(a) (West 2016)), provides for an extended-term sentence of "not less than 5 years and not more than 10 years." Defendant's nine-year prison sentence was within the statutory range. Accordingly, we agree with OSAD that any argument defendant's sentence was excessive would not state the gist of a constitutional claim.

¶ 24                                    III. CONCLUSION

¶ 25        For the reasons stated, we agree that no meritorious issue can be raised on appeal. We therefore grant counsel's motion to withdraw as appellate counsel and affirm the trial court's judgment. *Anders v. California*, 386 U.S. 738, 744 (1967).

¶ 26        Affirmed.